Roger KEILING, Defendant-Appellant,

v.

Marilyn L. McINTIRE, Plaintiff-Appellee.

No. 3–380A83.

Court of Appeals of Indiana, Third District.

Aug. 11, 1980.

Andrew Plodowski, Plodowski & Sanford, South Bend, for defendant-appellant.

William J. Nye, Elkhart, for plaintiff-appellee.

**HOFFMAN, Judge.**

This is an appeal from a denial of a motion filed by defendant-appellant Roger Keiling under Ind.Rules of Procedure, Trial Rule 60(B)(1) to set aside a default judgment on the grounds that said judgment was entered through surprise. The relevant facts may be summarized as follows: On June 9, 1978 plaintiff-appellee Marilyn McIntire filed a complaint against Keiling to recover for personal injuries and property damage. It appears that summons and thereafter alias summons, return receipt requested, were ordered to be issued on Keiling. Unfortunately neither the return nor the summons or alias summons is contained in the record because, according to the trial court, those documents could not be located. On June 27, 1979 the trial court entered the following order:

> "Plaintiff proves service of alias summons upon defendant by certified mail October 30, 1978. Also files affidavit of non-military status. (NOT FOUND). Defendant having failed to appear is defaulted. Matter submitted upon the pleadings and upon documentary evidence and plaintiff awarded judgment against the defendant in the sum of $3,644.03 with interest at 8% per annum

from the 8th day of June, 1978, and continuing interest and costs of the action. Judgment. Ordered off the docket."

Subsequently, McIntire initiated proceedings supplemental. On September 17, 1979 Keiling filed his TR. 60 motion and evidence was heard on the matter.

The dispositive issue raised by this appeal is whether it was an abuse of discretion for the trial court to refuse to set aside the default judgment.

Keiling contends that the entry of default should have been set aside because there was no proof that he had been served with notice of the action. Where a default has been taken against a person who has not been served [1] with process and who thus has no notice of the institution of the action against him, such person is entitled to have the judgment set aside.[2] *Duncan v. Binford* (1972), 151 Ind.App. 199, 278 N.E.2d 591. At the trial on the TR. 60 motion Keiling testified that he never received any summons pertaining to the instant suit. Further testimony revealed that he first became aware of this lawsuit when garnishment proceedings began in September of 1979. His wife, Doralyn, denied receiving a summons or signing a receipt for one. McIntire failed to present any evidence at this trial. Inasmuch as Keiling's evidence was uncontradicted it was an abuse of discretion for the trial court to overrule his motion to set aside the default judgment.

To obviate this conclusion McIntire maintains that the evidence on service of process was in conflict and thus it was within the province of the trial court, as the trier of fact, to resolve that factual dispute against Keiling. In support of this assertion McIntire emphasizes two factors. First, she points to the entry of default which recited that "[p]laintiff proves ser-

---

1. "Served" here means that process was accomplished in compliance with one of the methods provided for in Ind.Rules of Procedure, Trial Rule 4.1–4.17.

2. In addition to proving that he did not have notice of the action, a defendant must also show that he had a meritorious defense to the

suit before the default judgment can be set aside. As will be indicated, there was no proof that Keiling had ever been served pursuant to TR. 4.1–4.17 or had waived compliance thereof. Such an omission was a jurisdictional defect. Under these circumstances the question of a meritorious defense never arises.

vice of alias summons upon defendant by certified mail October 30, 1978." This recital is inconsequential for it is well settled that a mere recital of service of summons in an entry of judgment by default is insufficient to prove proper service. *Debs v. Dalton et al.* (1893), 7 Ind.App. 84, 34 N.E. 236.

McIntire also directs attention to an affidavit filed by her attorney which, omitting caption and formal parts, reads as follows:

"1. On or about October 26, 1978, the undersigned as counsel for Plaintiff, caused an alias summons to be issued by the Clerk of this Court for the Defendant by certified mail. Subsequently and sometime after October 30, 1978, the undersigned made a routine check of the files of Elkhart Superior Court No. 2 with respect to this case and during such check examined the alias summons which had been returned and which was in the files of this Court.

"2. Pursuant to said examination, the undersigned observed the return receipt of the U.S. Post Office Department attached to said summons indicating that said summons had been receipted for on October 30, 1978, by Darlene [sic] Keiling, wife of the Defendant. At said time, the undersigned made a routine entry on the inside of his file for this case, a copy of which entry is attached."

 Clearly an affidavit may be used to prove the service of a summons, notice or other process in an action. But before an affidavit offered to prove service of process can be considered on appeal, it must be introduced and received into evidence at the trial and preserved in and made part of the bill of exceptions; the mere filing of the affidavit and its inclusion in the transcript is not sufficient. *Anderson v. Autocrat Corp.* (1975) 194 Neb. 278, 231 N.W.2d 560; *Chicago and Great Eastern Railway Company v. Gifford* (1866), 26 Ind. 29.

**3.** It seems worth noting that McIntire could have proven service of process through oral testimony as well. For example, see *Hitt v. Carr* (1921), 77 Ind.App. 488, 130 N.E. 1 where

While the affidavit of McIntire's attorney was filed, it was not introduced at the trial on the TR. 60 motion. This omission was fatal to McIntire's case.[3]

For the reasons stated above the judgment of the trial court must be reversed and remanded with instructions to proceed in a manner consistent with this opinion.

Reversed and remanded.

GARRARD, P. J., and STATON, J., concur.

it was held that since the summons and return were lost parol evidence would be admissible to establish the identity of the person served.