STATE of Indiana, DEPARTMENT OF NATURAL RESOURCES, Appellant–Defendant,

and

Lake County Drainage Board, Non–Appealing Defendant,

v.

Gerrit VAN KEPPEL d/b/a Van Keppel Supply Company, Appellee–Plaintiff.

No. 06A01–9106–CV–180.

Court of Appeals of Indiana, First District.

Dec. 18, 1991.

Linley E. Pearson, Atty. Gen., Harry John Watson, III, Deputy Atty. Gen., Indianapolis, for appellant-defendant.

Kent Frandsen, Parr, Richey, Obremskey & Morton, Lebanon, Michael L. Einterz, Lowe, Gray, Steele & Hoffman, Indianapolis, for appellee-plaintiff.

BAKER, Judge.

The State of Indiana, through its Department of Natural Resources (the DNR), appeals the trial court's denial of its motion to set aside a default judgment entered in favor of Gerritt Van Keppel in Van Keppel's breach of contract action against the DNR and the Lake County Drainage Board (Lake County).

The DNR challenges both the denial of the motion to set aside and the $1,212,-996.28 in damages awarded to Van Keppel in a post-default damages hearing. Because we reverse on the first question, however, we need not address the second.

## FACTS

Van Keppel is a contractor specializing in excavation. Lake County entered into a series of written contracts with him for the reconstruction of the Williams Ditch Levee in Lake County. The DNR, pursuant to its authority under the Soil and Water Conservation Districts Act,[1] provided guidance and cooperation in the performance of the reconstruction. As is to be expected with large construction projects, unforeseen additional work, owner-contractor disputes, and cost over-runs came into play, causing the parties to renegotiate the terms of their agreement. When the fee Van Keppel expected was not forthcoming, he initiated this action.

Van Keppel initially brought suit in Marion Superior Court on February 16, 1990, properly effecting service on Lake County, the DNR, and the Office of Attorney General as the DNR's representative.[2] Lake County filed its answer in a timely fashion, but the DNR did not. Van Keppel moved for change of venue from the county, and the action was docketed in Boone Circuit Court on April 30, 1990. On May 1, Van Keppel moved for and received default judgment against the DNR. On June 12, the Attorney General's office entered an appearance and moved to set aside the default judgment. After a hearing on the motion on September 10, the trial court denied the motion. After a subsequent damages hearing, the trial court entered final judgment against the DNR on February 19, 1991. Additional facts will be supplied as necessary.

## DISCUSSION AND DECISION

The entry of default judgments for failure to file responsive pleadings is authorized by Ind.Trial Rule 55(A). A default judgment may be entered against a governmental organization. T.R. 55(E). After a default judgment has been entered, the defaulting party may seek to have it set aside through the procedures of Ind.Trial Rule 60(B). T.R. 55(C). T.R. 60(B)(1) provides that a default judgment may be set aside for "[m]istake, surprise, or excusable neglect."

No fixed standards exist to determine the bounds of "mistake, surprise or excusable neglect." *Siebert Oxidermo, Inc. v. Shields* (1983), Ind., 446 N.E.2d 332, 340. Accordingly, the trial court must balance the need for the orderly and efficient administration of justice with the judicial preference for deciding cases on their merits and giving parties their day in court based on the circumstances of each case. *Green v. Karol* (1976), 168 Ind.App. 467, 473–74, 344 N.E.2d 106, 110–11. Moreover, a cautious approach to the grant of motions for default judgment is warranted in "cases involving material issues of fact,

---

1. IND.CODE 13-3-1-1 *et seq.*

2. IND.CODE 4-6-2-1.

substantial amounts of money, or weighty policy determinations." *Id.* The trial court's resolution of these questions, on both entering and setting aside a default judgment, is a matter of discretion, and we will reverse a ruling on these questions only for an abuse of discretion. *Taco Bell Corp. v. United Farm Bureau Mut. Ins. Co.* (1991), Ind.App., 567 N.E.2d 163, 165, *trans. denied; Green, supra,* at 473, 344 N.E.2d at 110. That is, we will reverse only "if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, of the reasonable, probable, and actual deductions to be drawn therefrom." *Myers v. Myers* (1990), Ind., 560 N.E.2d 39, 42.

■ In addition to showing mistake, surprise, or excusable neglect, "[o]ur case law makes clear the movant [for relief from judgment] must also show a meritorious defense to the judgment." *Cornelius v. State* (1991), Ind.App., 575 N.E.2d 20, 21, *trans. denied* (citing *Chelovich v. Ruff & Silvian Agency* (1990), Ind.App., 551 N.E.2d 890, 892). A meritorious defense is one that would lead to a different result if the case were tried on the merits. *Vanjani v. Federal Land Bank of Louisville* (1983), Ind.App., 451 N.E.2d 667, 672. The movant need not prove absolutely the existence of a meritorious defense. *Bross v. Mobile Home Estates, Inc.* (1984), Ind. App., 466 N.E.2d 467, 469. The movant must show, however, enough admissible evidence to make a *prima facie* showing of a meritorious defense indicating to the trial court the judgment would change and that the defaulted party would suffer an injustice if the judgment were allowed to stand. *Id.; Vanjani, supra,* at 671.

The present case involves both the balancing concerns and the factors warranting caution discussed by the court in *Green, supra.* In balancing efficiency with Indiana's strong preference for resolution of cases on the merits,[3] the trial court opted for efficiency and entered default judgment against the DNR even though Van Keppel's claims against Lake County were still pending trial on the merits. Moreover, the factors warranting caution concern us greatly. The prospect of awarding a $1,000,000 default judgment when the defendant's liability is still very much at issue should give all trial and appellate judges pause. These remarks, however, serve simply as the backdrop. For any motion to set aside to succeed, the movant must demonstrate compliance with the settled law applying T.R. 60.

■ First, the record here reveals the Deputy Attorney General who appeared at the September 10 hearing on the motion to set aside pleaded that the failure to file a responsive pleading was due to mistake under T.R. 60(B)(1). *Record* at 381–82. The Attorney General's office, in what the appearing Deputy conceded was a foolish mistake, internally passed the file on Van Keppel's suit from the environmental section where it rightly belonged, to the contract dispute section, and then to the tort claims section before returning it, after the deadline for responsive pleadings had passed, to the environmental section for assignment to an individual Deputy. *Record* at 382–83. These bureaucratic errors by the Attorney General's office constitute a showing of the threshold requirement of mistake under T.R. 60(B)(1).

■ Next, the DNR had to show a meritorious defense. In its motion to set aside, the DNR included an answer to Van Keppel's complaint raising the affirmative defense of the absence of a contractual relationship between Van Keppel and the DNR. *Record* at 239. The evidence to support this assertion of a meritorious defense was provided in Van Keppel's complaint, which, as provided by Ind.Trial Rule 9.2, included copies of the contracts between Van Keppel and Lake County. The contracts, although not offered by the DNR, were admitted into evidence by operation of law when the complaint was filed. T.R. 9.2(B).[4]

---

3. *See* IND. CONST., Art. I, § 12.

4. In pertinent part, T.R. 9.2(B) provides:

When a pleading is founded on a written instrument and the instrument or a copy thereof is included in or filed with the pleading, execution of such instrument ... shall be

As the DNR rightly argues, the contracts do not, on their faces, disclose a relationship between Van Keppel and the DNR. *Record* at 15, 21, 27, 33. Accordingly, the necessary evidentiary support for a *prima facie* showing of a meritorious defense existed.

## CONCLUSION

The DNR successfully met the requirements of T.R. 60(B), demonstrating mistake as the justification for the failure to answer Van Keppel's complaint and showing a meritorious defense to the action. Given this success, and considering the unique posture of this case—a trial on the merits between Van Keppel and Lake County pending, the open question of the DNR's liability, and the large amount of public resources involved—the trial court's judgment was an abuse of discretion clearly against the logic and effect of the facts and circumstances before it.

The judgment of the trial court is reversed, and the cause is remanded for further proceedings consistent with this opinion.

ROBERTSON and STATON, JJ., concur.

deemed to be established and the instrument, if otherwise admissible, *shall be deemed ad-*     *mitted into evidence in the action....*