Andre LaPALME and Danaca Transport LTEE, Appellants–Defendants,

v.

Juan ROMERO and Delores Romero, Appellees–Plaintiffs.

No. 45A03–9209–CV–269.

Court of Appeals of Indiana, Third District.

Jan. 25, 1993.

Rehearing Denied Feb. 25, 1993.

son & Bell, Ltd., Chicago, IL, for appellants.

John Kappos; and Daniel C. Kuzman and George Steven Ivancevich, Merrillville, for appellees.

HOFFMAN, Judge.

Appellants-defendants Andre LaPalme (LaPalme) and Danaca Transport LTEE (Danaca) appeal the denial of their motions to set aside default judgment.

The facts relevant to the appeal disclose that on August 30, 1989, LaPalme was delivering steel to the Brennan Steel Company in Gary, Indiana, when his truck collided with an automobile driven by Juan Romero. On August 29, 1991, Juan and his wife, Delores, filed a complaint against LaPalme and his employer, Danaca, for negligence. At approximately 2:00 P.M. on January 17, 1992, the trial court entered a default judgment against LaPalme and Danaca and awarded $190,000.00 in damages to the Romeros. That same day, counsel for Danaca deposited an appearance and answer in the mail between 2:30 and 3:00 P.M. Danaca and LaPalme filed motions to set aside default judgment on January 24, 1992, and March 3, 1992, respectively.

On May 4, 1992, the court issued findings of fact and conclusions of law denying the motions to set aside default judgment. LaPalme and Danaca filed a motion to correct error on May 28, 1992, which the court denied on June 15, 1992. This appeal ensued.

LaPalme and Danaca raise three issues for review:

(1) whether the trial court erred in entering a default judgment against LaPalme and Danaca;

(2) whether the trial court erred in failing to set aside the default judgment pursuant to Ind.Trial Rule 60(B)(1); and

(3) whether the judgment against LaPalme is void for lack of personal jurisdiction.

Larry G. Evans, Jill Sisson, Hoeppner, Wagner & Evans, Valparaiso, and Thomas H. Fegan and Richard J. Rosenblum, John-

First, LaPalme and Danaca claim the trial court erred in entering a default judgment against them because the Rome-

ros had not served them with written notice of the motion for default judgment three days prior to the hearing on the motion. According to T.R. 55(B), such notice is mandatory "if the party against whom judgment by default is sought has appeared in the action." LaPalme and Danaca concede that they had not appeared in the action prior to the court's entry of default judgment; however, relying on federal authority, they claim their telephone conversations with the Romeros' counsel regarding the case constituted a "constructive appearance" by them.

Although useful as a guide in the absence of Indiana authority, federal authority is not a binding precedent on this Court. *Penwell v. Western & Southern Life Ins. Co.* (1985), Ind.App., 474 N.E.2d 1042, 1044. LaPalme and Danaca do cite one Indiana case, *City of Gary v. Baker* (1975), 166 Ind.App. 26, 333 N.E.2d 808, in support of their constructive appearance claim; however, the case involved a specific statute which relieved the defendant-city of the need to file a responsive pleading to the complaint. The instant case involved no such statute, and this Court declines to adopt the federal concept of constructive appearance.

Next, LaPalme and Danaca contend the trial court erred in failing to set aside the default judgment pursuant to T.R. 60(B)(1) which provides that a default judgment may be set aside for "mistake, surprise, or excusable neglect." No fixed standards exist to determine the bounds of mistake, surprise, or excusable neglect. *State, DNR v. Van Keppel* (1991), Ind. App., 583 N.E.2d 161, 162. Accordingly, the trial court must balance the policy of speedy determinations of actions and avoidance of delay against the policy of deciding cases on their merits and giving parties their day in court. *Id.* Moreover, a cautious approach to the grant of default judgments is warranted in "cases involving material issues of fact, substantial amounts of money, or weighty policy determinations." *Id.* at 162–163. This Court will reverse a trial court's ruling on these questions only for an abuse of discretion. *Id.* at 163.

In addition to showing mistake, surprise, or excusable neglect, the movant must also show a meritorious defense to the judgment. *Id.* A meritorious defense is one that would lead to a different result if the case were tried on the merits. *Id.* The movant must make a *prima facie* showing that the judgment would change and that the defaulted party would suffer an injustice if the court allowed the judgment to stand. *Id.*

With respect to both their excusable neglect and meritorious defense arguments, LaPalme and Danaca rely exclusively on affidavits which do not comply with IND.CODE § 34–1–18–10 or contain the affirmation language required by T.R. 11(B). Consequently, even though the instant case was a negligence action involving a substantial amount of money, LaPalme and Danaca failed to present any evidence to the trial court for setting aside the default judgment. The trial court, therefore, did not abuse its discretion in declining to set aside the default judgment.

Finally, LaPalme alleges that the judgment against him is void for lack of personal jurisdiction. At the time of the accident, LaPalme was a resident of Canada; however, under T.R. 4.4(A)(2), a nonresident submits to the jurisdiction of Indiana courts by "causing personal injury or property damage by an act or omission done within" Indiana. Nevertheless, if a court enters a default judgment against a person who has not been served with process and who, thus, has no notice of the institution of an action against him, the person is entitled to have the default judgment set aside. *Keiling v. McIntire* (1980), Ind.App., 408 N.E.2d 565, 566.

The instant record shows that the process server left copies of the summons and complaint for both LaPalme and Danaca with the legal department manager at Danaca's business location. As with the previous issue, the only evidence LaPalme presents to challenge this service is his own unauthenticated, unverified affidavit. Consequently, this Court is unable to rule that

the judgment is void for lack of personal jurisdiction.

The judgment of the trial court is affirmed.

STATON and SHIELDS, JJ., concur.