Eddie R. McGEE, Appellant–
Plaintiff Below,

v.

Traci M. REYNOLDS, Appellee–
Defendant Below.

No. 49A02–9209–CV–452.

Court of Appeals of Indiana,
Third District.

Aug. 3, 1993.

William M. Hawkins, Indianapolis, for appellant.

Jon C. Abernathy, James W. Johnson, III, Goodin & Kraege, Indianapolis, for appellee.

STATON, Judge.

Eddie McGee sustained personal injuries in an automobile accident with Traci Reynolds. Later, McGee's attorney had considerable negotiations with Reynolds' insurer to settle McGee's claim for damages. When the negotiations reached an impasse, McGee's attorney filed suit without notifying McGee's insurer and obtained a default judgment. Because of an incorrect address on the summons, McGee's attorney failed to serve Reynolds. Twice the trial court denied McGee a default judgment—once on the original service and again on publication of notice. In the meantime, Reynolds' insurer sent McGee's attorney a letter inquiring as to the status of the claim, but McGee's attorney ignored the inquiry and did not respond. Finally, McGee served copies of the summons and complaint on the Secretary of State, as Reynolds' agent.[1] A default judgment for $85,000.00 was granted.

Later, seven months after the entry of the default judgment, Reynolds received notice of the default judgment and filed a motion to set it aside. The trial court granted Reynolds' motion. McGee appeals that order. While McGee presents two issues for our review, we need only address whether the trial court abused its discretion in granting Reynolds' motion to set aside McGee's default judgment under Ind. Trial Rule 60(B)(3).

We affirm.

*Trial Rule 60(B)(3)*

McGee contends the trial court abused its discretion in granting Reynolds' motion to

1. Pursuant to Ind. Trial Rule 4.4(B) and 4.10, when the Secretary of State is served as the defendant's agent, the Secretary is required to mail the defendant copies of the Complaint and Summons. In the present case, the Secretary mailed the Complaint and Summons to an address McGee knew was incorrect. In October, the Secretary's mailing was returned unopened.

The test for sufficiency of service under due process requires the service be reasonably calculated to inform. *Glennar Mercury-Lincoln, Inc., v. Riley* (1975), 167 Ind.App. 144, 338 N.E.2d 670, *trans. denied.* In the present case, McGee's publication notice was more reasonably likely to inform than the Secretary's mailing.

set aside the default judgment. Reynolds' motion relied, in part, on T.R. 60(B)(3). T.R. 60(B)(3) provides for relief from a default judgment for "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party". Reynolds contends McGee, through counsel, committed misconduct.

In support of Reynolds' T.R. 60(B)(3) motion, she relies on *Boles v. Weidner* (1983), Ind., 449 N.E.2d 288, 290, *reh. denied.* *Boles* is factually similar to the present case even though *Boles* was decided under T.R. 60(B)(1). While there is no general duty to inform the defendant's insurer of a lawsuit, in *Boles,* the supreme court concluded the plaintiff's failure to notify the defendant's insurer of the existence of the lawsuit after negotiations had occurred was a valid consideration in determining whether to set aside a default judgment. *Supra,* at 290. The court also concluded that such failure, standing alone, was insufficient to set aside a default judgment. *Id.*

■ In the present case, the failure of McGee's attorney to give notice of the lawsuit after negotiating with Reynolds' insurer does not stand alone. McGee's attorney knew of the insurer's duty to defend Reynolds. Additionally, in July of 1990, after the denial of McGee's first motion for a default judgment, the insurer wrote to McGee's attorney and inquired about the status of McGee's claim. The inquiry was ignored by McGee's attorney.

The decision of McGee's attorney not to answer this inquiry showed a lack of good faith to settle the claim and was a decision to conceal the status of his client's law suit. This failure to answer a direct inquiry from an insurer concerning his client's claim when coupled with failure to provide the insurer with notice of the pending law suit smack of chicanery and unfair advantage. This conduct cannot be tolerated.

We conclude that the trial court did not abuse its discretion in determining that the actions of McGee's attorney constituted misconduct sufficient to set aside the default judgment.

We affirm.

RUCKER, J., concurs in result with separate opinion.

SHIELDS, J., concurs with J. RUCKER'S concurring in result opinion.

RUCKER, Judge, concurring in result.

I agree the trial court did not abuse its discretion in setting aside the default judgment. However, I do so for reasons different than those discussed by the majority. First, I am not persuaded McGee's attorney engaged in either fraud, misrepresentation, or other misconduct contemplated by Ind. Trial Rule 60(B)(3) which would afford relief to Reynolds. On the other hand, Ind. Trial Rule 60(B)(4), the alternative ground upon which Reynolds' motion was based, permits the court to set aside a default judgment where judgment was entered against a party served only by publication and without actual knowledge of the action.

The record here reveals the two attempts to personally serve Reynolds with the summons and complaint failed and thus she was served only by publication. The record also reveals Reynolds had no actual knowledge of the lawsuit nor the subsequent default judgment until several months after judgment had been entered. Under these circumstances the default judgment was properly set aside. *See Duncan v. Binford* (1972), 151 Ind.App. 199, 278 N.E.2d 591; *Keiling v. McIntire* (1980), Ind.App., 408 N.E.2d 565. Further, contrary to McGee's assertion, where a default judgment is set aside because it was entered without notice or proper service, a meritorious defense need not be shown. *Shotwell v. Cliff Hagan Ribeye Franchise, Inc.* (1991), Ind. 572 N.E.2d 487, 490.