A.P. BONAVENTURA, M.D., and
St. Anthony Radiologists, P.C,
Appellants–Defendants,

v.

Colleen LEACH and John Leach,
Appellees–Plaintiffs.

No. 45A05–9508–CV–334.

Court of Appeals of Indiana.

Sept. 18, 1996.

James D. McQuillan, Spangler, Jennings &
Dougherty, P.C., Merrillville, for A.P. Bona-
ventura, M.D.

David C. Jensen, Lyle R. Hardman, Eich-
horn & Eichhorn, Hammond, for St. Anthony
Radiologists, P.C.

Max Cohen, Cohen and Thiros, Merrill-
ville, for Appellees.

## OPINION

BARTEAU, Judge.

A.P. Bonaventura (Bonaventura) and St.
Anthony Radiologists, Inc. (St.Anthony) ap-
peal the trial court's denial of their Indiana
Trial Rule 60(B) motions for relief from de-
fault judgment.

### FACTS

Colleen and John Leach (Leach) filed a
complaint against Bonaventura and St. An-
thony alleging medical negligence. When
neither Bonaventura nor St. Anthony re-
sponded to the complaint, the trial court
granted a default judgment in favor of
Leach. Upon being notified of the default
judgment, both Bonaventura and St. Antho-
ny sought to have the default judgment set
aside pursuant to Indiana Trial Rule 60(B).
Each argued that service of process of the
complaint was inadequate, entitling them to
relief. The trial court denied their respec-

tive motions to set aside the default judgment.

## STANDARD OF REVIEW

 The decision whether to set aside a default judgment is given substantial deference on appeal. *Jostens Learning v. Educ. System Corp.*, 651 N.E.2d 1186, 1188 (Ind.Ct. App.1995), *trans. denied.* Appellate review of the refusal to set aside a default judgment is limited to determining whether there has been an abuse of discretion. *Id.* Upon a motion for relief from the default judgment, the burden is on the movant to show sufficient grounds for relief under Indiana Trial Rule 60(B). A denial of the motion is presumptively valid and the movant must demonstrate that the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court. *Id.*

## SERVICE ON COUNSEL

Prior to filing the medical negligence action in Lake Superior Court, Leach filed a proposed complaint with the Department of Insurance and proceeded through the medical review panel process as required by Indiana law. *See* Ind.Code §§ 27–12–8 to –10. The medical review panel unanimously concluded that both Bonaventura and St. Anthony failed to comply with the appropriate standard of care.

Bonaventura and St. Anthony contend that Leach was required to serve the complaint for medical negligence filed in Lake Superior Court on the attorneys who represented Bonaventura and St. Anthony before the medical review panel, arguing that the medical negligence action was merely a continuation of the medical review panel proceeding and thus the attorneys appearing therein were entitled to notice. It is asserted that failure to serve the attorneys requires relief under Indiana Trial Rule 60(B)(3).

 The obligation to serve a party's attorney arises with the entry of an appearance by the attorney. Ind.Trial Rule 5(B) (whenever a party is represented by an attorney of record, service shall be made upon such attorney); *Butler Toyota, Inc. v. Metropolitan Bd. of Zoning Appeals*, 504 N.E.2d 271 (Ind.1987). Here, no appearance was entered by an attorney for either Bonaventura or St. Anthony between filing of the complaint in Lake Superior Court and entry of the default judgment. Thus, if the complaint was a new action, Leach had no obligation to serve an attorney on behalf of Bonaventura or St. Anthony.[1]

 The authority provided in support of the contention that the action in Lake Superior Court is a mere continuation of the proceedings before the medical review panel is not persuasive. Both parties rely on *Butler Toyota*, 504 N.E.2d 271. In *Butler Toyota*, the Board of Zoning Appeals re-docketed a variance request and a petition for certiorari to the circuit court was filed challenging the redocketing. *Id.* at 271. Our supreme court held that the petition for certiorari was a continuation of the zoning proceeding and thus service upon the attorney of record was proper. *Id.* at 272. This result rested on the statutory language addressing the certiorari proceeding, which the supreme court interpreted as "clearly contemplat(ing) judicial review of a previous or continuing proceeding and not an original action." *Id.* The petition for certiorari in *Butler Toyota* was in the nature of a review or appeal. The action filed in Lake Superior Court is not a review or appeal of the medical review panel opinion. Neither the trial court nor a jury could alter or invalidate the opinion issued by the medical review panel. Thus, *Butler Toyota* is not analogous to the present situation.

 St. Anthony also cites to the statutory provision making submission to a medical review panel a condition precedent to most court actions for medical malpractice (I.C. § 27–12–8–4), the provision providing that the opinion of the medical review panel shall be admissible in a subsequent court action (I.C. § 27–12–10–23), and case law holding that a medical review panel opinion will sustain a motion for summary judgment absent

---

1. St. Anthony contends that it was entitled to notice of the motion for default judgment pursuant to Indiana Trial Rule 55(B). However, a party who has not formally entered an appearance is not entitled to notice under Trial Rule 55(B). *Jostens,* 651 N.E.2d at 1189.

any contrary expert testimony. *See Oelling v. Rao,* 593 N.E.2d 189 (Ind.1992); *Whyde v. Czarkowski,* 659 N.E.2d 625 (Ind.Ct.App. 1995), *trans. denied* (1996). St. Anthony asserts that given the statutory interrelation of the two proceedings and the case law connecting them, a court action filed after the medical review panel process is clearly merely a continuation of that process. While the two proceedings are related, interrelation does not necessarily equate to sameness. Under the statutory scheme, initiation of a legal proceeding for medical negligence is a separate action from the medical review panel process. Thus, for purposes of service of process, the attorneys who appeared before the medical review panel are not entitled to notice upon the commencement of a civil suit for medical negligence.

Bonaventura also contends that under *McGee v. Reynolds,* 618 N.E.2d 40 (Ind.Ct. App.1993), Leach's failure to serve the attorney who represented Bonaventura before the medical review panel required the trial court to grant the motion to set aside. In *McGee,* a personal injury case, attorney for plaintiff had considerable negotiations with defendant's insurer. Upon filing suit, plaintiff did not give notice to the insurer nor did defendant receive actual notice of the suit. After suit had been filed, plaintiff's attorney did not respond to a direct inquiry by defendant's insurer as to the status of the claim. In upholding the trial court's grant of a Trial Rule 60(B)(3) motion to set aside default judgment, this court noted that the decision of plaintiff's attorney not to answer the direct inquiry showed a lack of good faith and "smack[ed] of chicanery and unfair advantage." *Id.* at 41. The opinion also noted that failure to give notice to an insurer of the existence of a lawsuit after negotiations had occurred was a valid consideration in determining whether to set aside a default judgment, but that such failure, standing alone, was insufficient to set aside a default judgment. *Id.* at 41 (citing *Boles v. Weidner,* 449 N.E.2d 288, 290 (Ind.1983)).

*McGee* is not persuasive authority because there was no direct inquiry by Bonaventura's or St. Anthony's attorneys and no misrepresentation by Leach's attorney as to the status of the case. In fact, the last communication from Leach's attorney indicated that filing of the complaint was imminent. Further, the only omission alleged is the failure to serve counsel. As noted in *McGee,* while this is a consideration in setting aside a default judgment, it is insufficient standing alone.

While it would have been courteous to serve the attorneys who represented Bonaventura and St. Anthony before the medical review panel, there is no authority requiring Leach to do so.

### SERVICE OF COMPLAINT ON BONAVENTURA

Bonaventura claimed that he never received the complaint. The complaint was mailed, via certified mail, to Bonaventura at 1500 South Lake Park Avenue, Hobart, Indiana, 46342. This is the address listed by Bonaventura in the telephone directory and is in fact a correct address, with the exception that it does not include his office suite number.

The certified mail receipt is signed by Rich Campbell. Campbell is an employee of St. Mary's Medical Center. Evidence showed that all mail for St. Mary's Medical Center and the adjacent professional building, where Bonaventura has his office, is picked up and signed for by an employee of St. Mary's Medical Center. It is then sorted by volunteers of the hospital and delivered to the appropriate location.

Service of process must be reasonably calculated to inform the defendant of the pending lawsuit in accordance with due process. *Glennar Mercury–Lincoln, Inc. v. Riley,* 167 Ind.App. 144, 152, 338 N.E.2d 670, 675 (1975). When service of process is inadequate, the court does not have personal jurisdiction over the party and a default judgment issued without personal jurisdiction is void. *Shotwell v. Cliff Hagan Ribeye Franchise,* 572 N.E.2d 487, 489 (Ind.1991).

Indiana Trial Rule 4.1 provides that service of process may be made upon an individual by sending a copy of the summons and complaint by certified mail to his place of business with return receipt requested and a

return showing receipt of the letter. Bonaventura asserts two problems with the service of process in this case. First, he asserts that the certified mail was not sent to his specific place of business because the suite number was not included in the address. Second, he asserts that the certified mail was not received and acknowledged by him because he did not sign the receipt. For both these reasons, Bonaventura contends that the judgment is void and must be set aside pursuant to Indiana Trial Rule 60(B)(6).

█ Concerning the absence of a suite number in the address, Bonaventura has not explained how inclusion of the suite number would have assured receipt of the certified mail. All of the mail would have still been picked up, sorted and delivered by hospital employees or volunteers. If the letter just got lost in the shuffle, the suite number would not make a difference. Further, Bonaventura did not list his suite number in his listing in the telephone book and the certified mail sent to Bonaventura, both before and after the complaint, was addressed without a suite number and reached Bonaventura. In light of this evidence, the trial court had the discretion to find that service of process was sufficient.

Bonaventura's second argument is based on the fact that a hospital employee, rather than Bonaventura, signed the certified mail receipt. Bonaventura contends that he had no idea the mail was handled as it was, that he never authorized a hospital employee to sign for his certified mail, and that because he did not specifically designate an agent, Leach's service on an agent is invalid.

Bonaventura's argument that Leach served an agent is unavailing. Leach did not serve Bonaventura's agent, he served Bonaventura. The certified mail was addressed to Bonaventura at his principal place of business in accordance with Trial Rule 4.1.

As for the contention that Bonaventura did not know of or approve the mail pickup/delivery system and thus Campbell's signature on the certified letter was unauthorized, the trial court had the discretion to discredit Bonaventura's testimony. If Bonaventura acquiesced in the mail system which allowed a hospital employee to sign for certified mail, then service of process was satisfactory.

█ Bonaventura's final argument falls under Indiana Trial Rule 60(B)(1) and (B)(8). Bonaventura contends that the trial court's denial of his motion for relief from default judgment was an abuse of discretion because Bonaventura was in no way at fault for not appearing. He notes that he appeared every other time and promptly responded once he learned of the default judgment and that he has a meritorious defense. Therefore, he asks this court to grant him equitable relief.

As noted previously, our standard of review is extremely deferential. *Jostens,* 651 N.E.2d at 1188. Appellate review of the refusal to set aside a default judgment is limited to determining whether there has been an abuse of discretion. *Id.* The evidence presented by Bonaventura in support of his motion to set aside default judgment does not unerringly lead to the conclusion that denial of his motion is an abuse of discretion. Thus, we may not disturb the determination of the trial court.

### ST. ANTHONY'S CLAIMS ON SERVICE OF PROCESS

In its motion to set aside default judgment, St. Anthony states:

2. The plaintiffs obtained service on Mohammed Abbas, M.D., a member of St. Anthony Radiologists, P.C., by sending a copy of the complaint and summons to 1201 S. Main Street, Crown Point, Indiana, which is the address for St. Anthony Radiologists, P.C., as well as the address for St. Anthony Medical Center, and all persons employed by St. Anthony Medical Center.

3. Dr. Abbas failed to timely inform his insurance carrier of the receipt of summons.

R. 62. St. Anthony further averred that it was error not to serve their counsel from the medical review proceeding. In its memorandum in support of its motion to set aside default judgment, St. Anthony averred that "Dr. Abbas, a member of St. Anthony Radiologists, P.C., eventually received the summons, along with a stack of mail, reports, and

diagnostic film. Dr. Abbas only reviewed the summons after default judgment had been entered against St. Anthony Radiologists, P.C." R. 79. The only legal argument in the memorandum in support addressed the service of counsel issue.

At the hearing scheduled for the argument on the motions to set aside default judgment, counsel for St. Anthony indicated that it was unaware its motion would be heard that day, and that there was no order setting the matter for hearing on that date. The court responded that St. Anthony had only requested continuance of the damage hearing and that the proceedings would go forward. St. Anthony presented no evidence at the hearing. In its order denying St. Anthony's motion to set aside the default judgment, the trial court ruled that St. Anthony "admits that it received the summons and complaint, but they were simply not timely processed. Therefore, such action does not constitute excusable neglect." R. 120.

For the first time in its motion to correct error, St. Anthony argues that service of process was invalid because the complaint and summons were not sent to an executive officer or registered agent of St. Anthony Radiologist, P.C. Attached to the motion to correct errors is an affidavit of Dr. Abbas stating that he is the president and registered agent of St. Anthony Radiologist, P.C. and that he did not sign the certified mail receipt. He also asserts that after he received the notice of default, he searched the mail slots and located the summons and complaint in the mail slot of another doctor who had not been with St. Anthony for two years. The trial court denied the motion to correct error.

■ On appeal, St. Anthony contends that service of process was defective because the method of service Leach selected did not comply with Indiana Trial Rule 4.6(A), which provides:

(A) **Persons to Be Served.** Service upon an organization may be made as follows:

(1) In the case of a domestic or foreign organization upon an executive officer thereof, or if there is an agent appointed or deemed by law to have been appointed to receive service, then upon such agent.

Leach did not specify service upon an executive officer or agent of St. Anthony Radiologists, P.C. Thus, under T.R. 4.6, service of process was inadequate.

■ Leach contends that St. Anthony waived this argument by failing to present it to the trial court. "Generally, a party may not raise an issue on appeal which was not raised in the trial court." *Ansert v. Indiana Farmers Mut. Ins. Co.*, 659 N.E.2d 614, 617 (Ind.Ct.App.1995), *reh'g denied, trans. denied,* (1996). More specifically, an argument alleging inadequate service of process is waived for purposes of appeal if not raised before the trial court. *Doyle v. Barnett,* 658 N.E.2d 107 (Ind.Ct.App.1995), *trans. denied,* (1996). St. Anthony raised the defective service argument for the first time in its motion to correct error. Therefore, it is not available on appeal.

Even if the issue were not waived, Indiana Trial Rule 4.15(F) precludes invalidation of a summons on merely technical reasons. It provides:

*Defects in Summons.* No summons or the service thereof shall be set aside or be adjudged insufficient when either is reasonably calculated to inform the person to be served that an action has been instituted against him, the name of the court, and the time within which he is required to respond.

■ Here, St. Anthony contended in its motion to set aside default judgment and in the memorandum in support thereof that Dr. Abbas, the self proclaimed president and registered agent of St. Anthony, actually received the complaint and summons. Thus, because the registered agent and president actually received the notice, the defect that it was not specifically addressed to him could be ignored under Trial Rule 4.15(F). *See Glennar,* 167 Ind.App. at 152, 338 N.E.2d at 675.

The trial court is affirmed in all respects.

SHARPNACK, C.J., and NAJAM, J., concur.