## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 30 2018, 10:07 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Margaret M. Christensen
Mark R. Molter
Bingham Greenebaum Doll LLP
Indianapolis, Indiana

APPELLEE – PRO SE

Ranee S. Rathee
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Butler Terrace Homeowners
Association, Inc.,

*Appellant-Cross-claim Plaintiff,*

v.

Ranee S. Rathee,

*Appellee-Cross-claim Defendant.*

August 30, 2018

Court of Appeals Case No.
18A-MF-675

Appeal from the Marion Superior
Court

The Honorable David J. Dreyer,
Judge

Trial Court Cause No.
49D10-1504-MF-14333

**Najam, Judge.**

## Statement of the Case

[1] The Butler Terrace Homeowners Association, Inc. ("the HOA") appeals the

trial court's order in which the court granted a motion for relief from judgment

filed by Ranee S. Rathee, which modified the court's prior entry of summary judgment for the HOA.[1]  The HOA raises two issues for our review, which we restate as follows:

> 1.      Whether the trial court abused its discretion under Indiana Trial Rule 60(B) when it granted Rathee's motion for relief from judgment.

> 2.      Whether the HOA preserved for appellate review its argument that the court's modified order, which stayed a pending sheriff's sale on Rathee's condominium in order to give the parties an opportunity to reach a financial settlement, violated Indiana's horizonal property laws, Ind. Code §§ 35-25-1-1 to -9-2 (2018), or Indiana's mortgage foreclosure statutes, I.C. §§ 32-29-7-0.2 to -14.

[2]     We affirm.

## Facts and Procedural History

[3]     In April of 2015, JPMorgan Chase Bank, N.A. ("Chase") filed a complaint against Rathee to foreclose on its mortgage lien on Rathee's condominium in Indianapolis.  The complaint named the HOA and other lienholders junior to Chase as defendants along with Rathee.  The HOA cross-claimed against Rathee for unpaid dues.  As of June 1, 2015, the HOA alleged that Rathee owed $1,219.60 in unpaid dues, late fees, and interest.  The HOA noted that, pursuant to its rights under the bylaws to which Rathee's condominium was

---

[1] JPMorgan Chase Bank, the original plaintiff below, does not participate in this appeal.

subject, the HOA was also entitled to recover attorney's fees and costs associated with the collection of the unpaid dues; that the sums owed to the HOA by Rathee were a lien against the condominium on which the HOA was entitled to foreclose; and that the HOA was also entitled to a personal judgment against Rathee for all unpaid amounts.

[4] Rathee hired bankruptcy counsel and, on three separate occasions, filed for bankruptcy. However, the bankruptcy court eventually dismissed each of Rathee's three cases, never approved a final payment plan, and barred Rathee "from filing another bankruptcy case" for 180 days following its last dismissal. Appellant's App. Vol. 2 at 165. The bankruptcy court also lifted its stay on the foreclosure action in the trial court, and, on June 20, 2016, the trial court entered judgment for Chase and directed Rathee's condominium be sold at a sheriff's sale.

[5] In August, before a sheriff's sale of the condominium had occurred, the HOA moved for summary judgment against Rathee for her unpaid dues to the HOA. Because Rathee's bankruptcy counsel did not represent her in the trial court,[2] the HOA mailed its motion for summary judgment to Rathee's home address.[3]

---

[2] There is no dispute that Rathee had notice of the complaint and cross-claim against her.

[3] The HOA asserts on appeal that it mailed its motion for summary judgment to Rathee by way of certified mail, but the certified mail receipts included in the record on appeal do not demonstrate an August 2016 mailing date. *See* Appellant's App. Vol. 2 at 166-68. Rather, the receipts suggest that the HOA did not send any of the summary judgment documents to Rathee by way of certified mail until July of 2017, and it is not clear from the record that the motion for summary judgment itself was sent at that time. In any event, insofar as the trial court may have based its modification order on Rathee's purported lack of notice, we do not consider it.

In its motion, the HOA sought $12,886.13 for unpaid dues and interest. The HOA also sought an additional sum for attorney's fees and costs. The HOA requested a personal judgment against Rathee along with any proceeds that remained from the sheriff's sale to pay it as a junior lienholder. Rathee did not respond to the HOA's motion for summary judgment and, on September 20, the trial court granted the HOA's motion.[4]

[6] However, in February of 2017, Chase informed the court that Rathee had paid her outstanding debt to Chase in full. As such, Chase moved to dismiss its complaint and the June 2016 decree of foreclosure. The court granted Chase's motion and ordered that the HOA's claims "remain on the court's active docket" as "pending."[5] *Id.* at 127.

[7] In July the court set a summary judgment briefing schedule on the HOA's August 2016 motion for summary judgment. The record on appeal does not reflect that the HOA objected or otherwise informed the court of the September 2016 order granting the HOA's motion for summary judgment. Instead, the court and the HOA proceeded as if the August motion for summary judgment was still pending.

---

[4] We note that the CCS does not reflect the trial court's September 20 grant of summary judgment for the HOA. *See id.* at 11-12, 120.

[5] The HOA did not object to the court's February order to vacate the sheriff's sale.

[8] Thereafter, the HOA filed a supplemental designation of evidence in which it alleged that Rathee owed the HOA $27,349.82 as of June 13, 2017. That amount included $9,736.50 in "legal fees and expenses" related to the foreclosure action as well as two of Rathee's three bankruptcy cases. *Id.* at 132. The amount also included $5,760 in property manager fees, which were described as fees "incurred . . . due to the work and efforts performed . . . in dealing with the collection of the unpaid [d]ues . . . ."[6] *Id.*

[9] Rathee again did not respond to the summary judgment proceedings and, on October 2, the trial court entered summary judgment for the HOA. In particular, the court granted the HOA a personal judgment against Rathee in the amount of $27,349.82 as of June 13 plus any additional amounts that accrued thereafter in accordance with the HOA bylaws; the court foreclosed the HOA's lien on the condominium; and the court ordered the condominium to be sold at a sheriff's sale. The condominium was subsequently scheduled to be sold on January 17, 2018.

[10] On December 11, 2017, Rathee, proceeding *pro se*, filed a document she captioned as an "Affidavit." *Id.* at 151. In that document, she stated that she had been represented by attorneys in the bankruptcy cases and did "not

---

[6] Although the HOA defends its assessments of fees and costs on appeal, it does not argue that the trial court abused its discretion when it later modified the summary judgment order to reduce the sum Rathee owed to the HOA. *See* Appellant's Br. at 36-40.

understand why" they were not notified[7] of the summary judgment proceedings in the trial court. *Id.* at 152. She then stated that, although she "agree[d] I owe [the HOA] home owners dues, late fees, etc., I do not agree with the amount of $27,349.82." *Id.* And Rathee requested that the court "STOP the FORECLOSURE SALE." *Id.* (capitalization in original). The HOA filed a response and characterized Rathee's "Affidavit" as a motion for relief from judgment under Indiana Trial Rule 60(B). *See id.* at 160.

[11] The court held oral argument on Rathee's motion on January 4, 2018. During that argument, counsel for the HOA asserted that the amount Rathee currently owed the HOA was now in excess of $45,000. Rathee informed the court that she "want[ed] to keep this property" and that she could immediately pay $10,000 to the HOA. Tr. at 10. However, while she also indicated that she would be willing and able to pay the summary judgment amount of $27,349.82, she disputed that that amount was an accurate assessment of the amount she owed the HOA. She further declared that the rate at which the HOA's fees against her were escalating was "arbitrar[y]" and "like extortion." *Id.* at 12.

[12] On January 9, the court granted Rathee's motion for relief from judgment under Indiana Trial Rules 60(B)(1) and 60(B)(8)[8] and modified the October

---

[7] She also claimed that she was not notified, but we do not consider that assertion on appeal.

[8] The court also cited Trial Rule 60(B)(4) in its order, but as Rathee had not been served by publication we agree with the HOA that that provision was plainly inapplicable to Rathee's motion. *See* Ind. Trial Rule 60(B)(4). And as we decide this appeal under Trial Rule 60(B)(1), we need not consider the court's exercise of discretion under Rule 60(B)(8).

2017 order on summary judgment. In particular, the court modified the October 2017 order on summary judgment as follows:

> 6. Rathee adequately shows . . . circumstances sufficient to set aside current judgment under Trial Rule 60(B)(1) . . . and (8).
>
> 7. The record shows the following amounts are due and owing at this time:
>
> | | | |
> |---|---|---|
> | a. | Unpaid dues | $7480.00 |
> | b. | Special assessment | [$]1098.00 |
> | c. | Late fees | [$]2550.00 |
> | d. | Interest | [$]3702.00 |
>
> 8. The record fails to sufficiently show basis for claiming property manager fees.
>
> 9. The records fails to sufficiently show basis for claiming attorney's fees for as many as eight (8) attorneys in this matter, nor propriety of claiming attorney's fees for bankruptcy matters.
>
> 10. [The HOA's] most recent attorney's fees affidavit . . . claims $11,126.50.
>
> 11. Under Trial Rule 60(B)(8), it is just to modify the judgment to include the amounts in Paragraph 6[] and $10,000 in attorney's fees, equaling $24,830.00.

12. Sheriff's sale is vacated and stayed until further order of the Court.

13. Rathee shall immediately pay $10,000 to [the HOA].

14. The matter is referred for settlement conference under the Indiana mortgage foreclosure procedure.

Appellant's App. Vol. 2 at 16-17.

[13] Following the court's modification of the order on summary judgment, the HOA filed a motion to correct error. In that motion, the HOA argued for the first time that Rathee was not entitled to her motion for relief from judgment because she had unclean hands. The HOA further argued, again, for the first time, that granting the relief requested by Rathee and staying the sheriff's sale was contrary to law. The HOA's motion to correct error was deemed denied thereafter, and this appeal ensued.

## Discussion and Decision

### *Issue One: Indiana Trial Rule 60(B)(1)*

[14] On appeal, the HOA first asserts that the trial court abused its discretion when it granted Rathee's motion for relief from judgment under Indiana Trial Rule 60(B)(1). Trial Rule 60(B) provides, in relevant part, that "[o]n motion and upon such terms as are just the court may relieve a party . . . from a judgment . . . for the following reasons: (1) mistake, surprise, or excusable neglect . . . ." A movant for relief from judgment under Trial Rule 60(B)(1) "must allege a meritorious claim or defense."

[15]     As we have explained:

> A Trial Rule 60(B)(1) motion does not attack the substantive, legal merits of a judgment, but rather addresses the procedural, equitable grounds justifying the relief from . . . a judgment. Moreover, a Trial Rule 60(B)(1) motion is addressed to the trial court's equitable discretion, with the burden on the movant to affirmatively demonstrate that relief is necessary and just.

*Kmart Corp. v. Englebright*, 719 N.E.2d 1249, 1254 (Ind. Ct. App. 1999) (citations omitted), *trans. denied*. In light of the equitable nature of a request under Trial Rule 60(B)(1), our standard of review is deferential:

> Our standard of review is limited to determining whether the trial court abused its discretion. An abuse of discretion may occur if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or if the court has misinterpreted the law. . . . The trial court's discretion is necessarily broad in this area because any determination of excusable neglect, surprise, or mistake must turn upon the unique factual background of each case. Moreover, no fixed rules or standards have been established because the circumstances of no two cases are alike. . . . Furthermore, reviewing the decision of the trial court, we will not reweigh the evidence or substitute our judgment for that of the trial court.

*Id.* at 1253 (citations omitted).

[16]     Here, the HOA contends that Rathee failed to show mistake, surprise, or excusable neglect, and that she further failed to show a meritorious defense. The HOA also asserts that equity is unavailable to Rathee as she has unclean hands. We address each argument in turn.

[17]     We first consider the HOA's argument that Rathee failed to satisfy Trial Rule 60(B)(1). Much of the HOA's argument on this issue flows from its reading of Rathee's motion for relief from judgment, which the HOA reads to be premised on a claim that she lacked notice, to which the HOA responds by arguing that it satisfied its notice requirements under our trial rules. *See* Appellant's Br. at 23-27. The HOA further addresses a comment in Rathee's motion in which Rathee stated that she thought her settlement with Chase resolved all pending proceedings, which obviously that settlement did not do.

[18]     But the HOA fails to consider Rathee's argument to the trial court that Rathee believed her bankruptcy counsel was also representing her in the trial court proceedings. In particular, Rathee asserted that she did not understand why her bankruptcy counsel had not been notified of the trial court proceedings, and a reasonable inference from that argument is that she thought that her bankruptcy counsel was representing her in the trial court, which is why she did not personally respond. Further, there is no dispute that the bankruptcy proceedings and the trial court proceedings were intimately intertwined, despite the apparently limited representation of Rathee's bankruptcy counsel.

[19]     In granting Rathee's motion for relief from judgment under Trial Rule 60(B)(1), the trial court broadly based its decision on Rathee having shown "circumstances sufficient" to justify that relief. Appellant's App. Vol. 2 at 17. We are obliged to defer to the trial court's exercise of its equitable discretion

under Trial Rule 60(B)(1) and are similarly obliged to construe the record on appeal in the manner most favorable to the trial court's judgment. *See Kmart*, 719 N.E.2d at 1254. In light of Rathee's argument to the trial court, our standard of review, and the HOA's failure to consider this basis for the trial court's judgment in its brief on appeal, we cannot say that the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court or that the trial court abused its discretion when it concluded that Rathee had shown mistake, surprise, or excusable neglect under Trial Rule 60(B)(1).

*Meritorious Defense*

[20] The HOA further asserts that, even if Rathee did demonstrate mistake, surprise, or excusable neglect, she failed to demonstrate a meritorious defense. Trial Rule 60(B)'s requirement that the movant demonstrate a meritorious defense is not a requirement that the movant "prove absolutely" her defense. *State v. Van Keppel*, 583 N.E.2d 161, 163 (Ind. Ct. App. 1991), *trans. denied*. Rather, a meritorious defense is "one that would lead to a different result if the case were tried on the merits." *Seleme v. JP Morgan Chase Bank, N.A.*, 982 N.E.2d 299, 304 (Ind. Ct. App. 2012) (quotation marks omitted), *trans. denied*.

[21] The HOA's entire argument on this issue is that "Rathee not only failed to advance a meritorious defense[] but actually conceded liability" when she acknowledged that she owed some measure of damages to the HOA. Appellant's Br. at 28 (emphases removed). We conclude that the HOA's

argument on this issue is not supported by cogent reasoning. *See* Ind. Appellate Rule 46(A)(8)(a). Rathee never conceded the total sum sought by the HOA; indeed, Rathee unambiguously asserted that she "do[es] not agree with the amount" requested by the HOA in its motion for summary judgment, to say nothing of the HOA's request for more than $45,000 at the January oral argument. Appellant's App. Vol. 2 at 152. The HOA further does not address the fact that the trial court, in reconsidering the HOA's evidence designated in support of summary judgment, reduced the amount of the judgment against Rathee, which produced a different result than the order on summary judgment. We conclude that the HOA failed to preserve its argument for our review. *See* App. R. 46(A)(8)(a).

*Unclean Hands*

[22] We next turn to the HOA's argument that equitable relief under Trial Rule 60(B) is not available to Rathee because she has unclean hands. As our Supreme Court has said:

> The doctrine of unclean hands requires that he who seeks equity come into court with clean hands and closes the door of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief, however improper may have been the behavior of the [other party].

*Woodruff v. Ind. Fam. & Soc. Servs. Admin.*, 964 N.E.2d 784, 792 n.5 (quotation marks and ellipses omitted).

[23]     But the HOA did not present this argument to the trial court in response to Rathee's motion for relief from judgment. *See* Appellant's App. Vol. 2 at 157-61; Tr. at 3-6, 14-16. Rather, the HOA raised this purported issue for the first time in a motion to correct error following the trial court's modification of the summary judgment order. *See* Appellant's App. Vol. at 212. As such, the HOA's argument was not timely.

[24]     Indiana's case law has long made clear that a party who fails to raise arguments "in a timely manner" and "[i]nstead . . . waited until [it] filed [a] motion to correct error to raise them" waives those arguments for our review. *Brown v. Lunsford*, 63 N.E.3d 1057, 1061 (Ind. Ct. App. 2016) (citing *Troxel v. Troxel*, 737 N.E.2d 745, 752 (Ind. 2000)). Accordingly, we hold that the HOA has waived its argument under the doctrine of unclean hands.

### Issue Two:  Whether The Trial Court Violated Indiana Law When It Stayed The Sheriff's Sale

[25]     We thus turn to the HOA's argument that the trial court violated Indiana law when it stayed the pending sheriff's sale. According to the HOA, the trial court's order is contrary to Indiana's horizontal property laws because, "[b]y vacating the Sheriff's sale, the trial court violated the HOA's contractual right to foreclose and impermissibly attempted to rewrite the parties' contract." Appellant's Br. at 32-33. The HOA further asserts that the trial court's order "is entirely inconsistent with the statutory scheme governing foreclosure . . . ." *Id.* at 33-34.

The HOA's statutory arguments are not properly before us on appeal. The HOA did not raise its statutory arguments to the trial court until its motion to correct error, even though in her motion for relief from judgment Rathee expressly asked the court to "STOP the FORECLOSURE SALE." Appellant's App. Vol at 152 (capitalization in original). As such, the HOA's statutory arguments were untimely in the trial court and are not available for appellate review. *Troxel*, 737 N.E.2d at 752.

## Conclusion

In sum, we affirm the trial court's judgment.

Affirmed.

Crone, J., and Pyle, J., concur.