Owen TEEGARDIN, Appellant,

v.

MAVER'S, INC. d/b/a Angola Commodities, Appellee.

No. 76A03-9211-CV-380.

Court of Appeals of Indiana, Third District.

Oct. 19, 1993.

Edward E. Beck, Timothy L. Claxton, Fort Wayne, for appellant.

William B. Bryan, Angola, for appellee.

GARRARD, Judge.

Owen Teegardin appeals the trial court's denial of his Indiana Trial Rule 60(B) motion, and the award of treble damages, attorney fees, and additional damages pursuant to IC 34-4-30-1.

## FACTS AND PROCEDURAL HISTORY:

On November 11, 1991, Maver's, Inc. (Maver) filed suit against Owen Teegardin (Teegardin) based upon alleged contractual violations arising from a commodities trading arrangement.

Teegardin entered his personal appearance on November 21, 1991. On December 10, 1991, Maver filed a motion for default pursuant to Indiana Trial Rule 55(A), along with a memorandum and affidavit in support of the motion. The trial court entered a default judgment against Teegardin on December 10, 1991, for $10,710.12 plus court costs.

On December 20, 1991, attorney Lawrence A. Levy entered his appearance for Teegardin and also filed a motion to set

aside default judgment pursuant to TR 55(C) and 60(B).

On February 10, 1992, the trial court held a hearing on Teegardin's motion to set aside default judgment. The trial court vacated the judgment since Teegardin had not received the proper three day notice as required by TR 55(B) when a personal appearance has been entered but ruled that the determination that Teegardin was in default should remain.

On February 20, 1992, Levy filed a motion to withdraw his appearance as counsel for Teegardin, and the court granted the motion the same day.

On February 21, 1992, attorney Edward E. Beck filed his appearance on behalf of Teegardin. Beck also filed a motion to correct error (regarding the court's denial of Teegardin's earlier TR 60(B) motion concerning the default), pursuant to TR 59, along with a memorandum of law and Teegardin's affidavit in support of the motion.

Maver responded to Teegardin's motion to correct error on March 18, 1992.

The court held a hearing on Teegardin's motion on May 15, 1992, and found that the motion was premature since there had not been a final adjudication on plaintiff's complaint. The motion was denied.

On August 5, 1992, the court held a hearing on the issue of damages and judgment was rendered for $12,485.39 together with the costs of the action. This appeal followed.

ISSUES:

Teegardin presents two issues for appeal:

I. Whether the trial court erred in denying Teegardin's motion to set the entry of default aside.

II. Whether the trial court erred in awarding Maver treble damages, attorney's fees and additional damages pursuant to IC 34–4–30–1.

DISCUSSION:

Issue I:

Teegardin first contends that the trial court mistakenly believed the entry of de-

fault was an administrative matter from which it could not grant relief. Trial Rule 55(A) states the basis for finding a party in default. Trial Rule 55(B) states the procedure for obtaining a judgment by default. Specifically, Rule 55(B) states that when the defaulting party has appeared in the action, that party shall receive three days' written notice of the application for judgment against him.

■ Even if there is a default by a party, the nondefaulting party is not entitled to a judgment as a matter of right. *Green v. Karol* (1976), 168 Ind.App. 467, 473, 344 N.E.2d 106, 110. The decision to enter a judgment by default is within the discretion of the trial court. *Id.* (citations omitted).

■ The trial court initially entered a default judgment against Teegardin without the three day notice that was required by Trial Rule 55(B). At the subsequent hearing on Teegardin's motion to set aside default judgment, the trial court ruled that the judgment should be set aside, and the finding of default should remain. Teegardin argues the trial court's language clearly indicates the court was not aware that it was capable of providing relief from the default. In support of his argument, Teegardin relies on the trial court's statement, "I also think you are correct, Mr. Bryan [movant's counsel], he is in default and the default is an administrative matter so, but I think the proper thing to do is set aside the judgment." (R. 145). The court's statement came in response to Maver's argument that Teegardin had not presented evidence of excusable neglect or a meritorious defense. Teegardin contends that the trial court did not consider the merits of his request for relief from the entry of default. Our reading of the record leads us to believe that the trial court was well aware that it was capable of granting relief from the entry of default. The court heard from counsel that Teegardin made a personal appearance in response to Maver's complaint, and due to a clerk's advice, thought "he would be protected." We are not per-

suaded that the court was unaware that it could also set aside the default if TR 60(B) grounds were established.

 Teegardin argues that sufficient grounds were established to meet Trial Rule 60(B) and the entry of default should have been set aside by the trial court. TR 60(B)(1) provides that a default judgment may be set aside for "mistake, surprise, or excusable neglect." There are no fixed standards to determine the parameters of mistake, surprise, or excusable neglect. *State, DNR v. Van Keppel* (1991), Ind. App., 583 N.E.2d 161, 163. The trial court must balance the need for an efficient judicial system with the judicial preference for deciding disputes on the merits, especially in cases involving material issues of fact, substantial sums of money, or weighty policy determinations. *Green v. Karol, supra,* 168 Ind.App. at 473, 344 N.E.2d at 110. A movant seeking to set aside a judgment via TR 60(B) must also establish that he has a good and meritorious defense to the judgment. *State, DNR,* 583 N.E.2d at 163 (citing *Cornelius v. State* (1991), Ind.App., 575 N.E.2d 20, 21; *Chelovich v. Ruff & Sylvian Agency* (1990), Ind.App., 551 N.E.2d 890, 892). "The meritorious defense that must be shown is one such that if the cause was retried on the merits [and the movant's evidence believed], a different result would be reached." *Vanjani v. Federal Land Bank of Louisville* (1983), Ind.App., 451 N.E.2d 667, 672 (citing *Plough v. Farmers State Bank* (1982), Ind.App., 437 N.E.2d 471, 474). The movant must make a *prima facie* showing that the judgment would change and that the defaulted party would suffer an injustice if the default judgment is allowed to stand. *LaPalme v. Romero* (1993), Ind.App., 606 N.E.2d 882, 884. A statement that except for excusable neglect the suit would have been defended is insufficient to set aside a default judgment. *Bross v. Mobile Home Estates, Inc.* (1984), Ind.App., 466 N.E.2d 467, 469. That is because neither the judicial system nor society are served by performing essentially meaningless acts which only serve to delay other litigants in having their day in court. *Id.,* (citing *Cantwell v. Cantwell* (1957), 237 Ind. 168, 143 N.E.2d 275, *appeal dismissed* 356 U.S. 225, 78 S.Ct. 700, 2 L.Ed.2d 712).

 Teegardin failed to present any evidence of a meritorious defense in his motion to set aside the default judgment. Teegardin's motion merely contained the bald statement, "Defendant has good and meritorious defenses to the claims of Plaintiff...." Teegardin's legal memorandum and affidavit in support of the motion made no mention of a meritorious defense. At the hearing on the motion, Maver's counsel made the explicit argument that Teegardin must provide some evidence of a meritorious defense. Maver's counsel stated, "there may still be a default but no judgment ... you have to show that you have a good and meritorious defense ... [d]efendant hasn't shown this Court, [that he] has any defense...." (R. 141, 142). Teegardin's counsel's only response in regard to a meritorious defense was "Defendant states under oath that he has a meritorious defense...." (R. 143). Maver's counsel responded in part, "he's held to more than saying behind this cloak, the TR 60(B) motion, there is some defense. That would be like if you [could] defend summary judgments by saying the facts aren't true." (R. 143, 144). The court ruled, "[t]he default stands and reschedule this matter for hearing on the issue of damages." (R. 145). Teegardin failed to present any evidence of a meritorious defense. The trial court did not abuse its discretion in denying Teegardin's motion to set the default aside.

ISSUE II:

Teegardin also contends the trial court erred by awarding Maver excessive damages.

On February 10, 1992, the trial court held a hearing on Teegardin's motion to set aside the entry of default. The court ruled the determination of default remained in effect; the issue of liability was foreclosed.

On August 5, 1992, the court held a hearing solely to consider damages. The trial court awarded Maver treble damages, costs of the action and attorney's fees under IC 34–4–30–1.[1]

■ A criminal conviction is not a condition precedent to recover under IC 34–4–30–1. *White v. Indiana Realty Assocs. II* (1990), Ind., 555 N.E.2d 454, 456. A claimant must prove by a preponderance of the evidence that the criminal act was committed. *Id.* The criminal acts under Title 35 include the element of *mens rea* or criminal intent, and a claimant must carry the burden of proving that intent. *Id.* at 457. Normally a finding of criminal intent can only be found through the intervention of a factfinder. *Id.* at 458.

In the present case, the court ruled that Maver was entitled to additional damages via IC 34–4–30–1, stating "I believe the evidence establishes at least the account balance that was testified to of $3,306.89 and entitlement to three times that amount and then whatever else the statute provides within the evidence submitted." The court did not receive testimony at the damages hearing bearing upon the question of Teegardin's intent at the time in question. Testimony was limited to the liability amount (the unpaid account balance).

Teegardin argues that without evidence at the damages hearing to establish necessary *mens rea*, it was error to apply the statute. We read Maver's argument to counter that liability under the statute was admitted by the default and that no further proof was required to invoke the statute.

The issue thus becomes whether IC 34–4–30–1 creates a substantive claim for relief or whether it provides only an enhancement of damages in certain situations. If it provides a substantive claim, then liability issues are foreclosed by the default, and only the amount of damages remained open for hearing. On the other hand, if the statute merely enhances damages upon the occurrence of a condition, then proof of the condition at the damages hearing was necessary in order to apply the statutory damages.

■ As set forth in n. 1, the present statute provides that "if a person suffers a pecuniary loss as a result of [proscribed criminal conduct], the person may bring a civil action against the person who caused the loss...." This language seems to clearly contemplate a special substantive claim for relief: the ability to maintain a specific civil action. Clearly, that was Maver's theory in pleading its claim as reflected in the complaint filed. It follows that when Teegardin defaulted he relieved Maver of the burden of establishing that he had committed one of the offenses referred to in the statute. It was therefore not error to apply the statute in determining

---

1. IC 34–4–30–1 provides:

Damages for property loss caused by criminal act.—If a person suffers a pecuniary loss as a result of a violation of IC 35–43, IC 35–42–3–3, IC 35–42–3–4, or IC 35–45–9, the person may bring a civil action against the person who caused the loss for the following:
(1) An amount not to exceed three (3) times the person's actual damages.
(2) The costs of the action.
(3) A reasonable attorney's fee.
(4) Actual travel expenses that are not otherwise reimbursed under subdivisions (1) through (3) and are incurred by the person suffering loss to:
 (A) Have the person suffering loss or an employee or agent of that person file papers and attend court proceedings related to the recovery of a judgment under this chapter; or
 (B) Provide witnesses to testify in court proceedings related to the recovery of a judgment under this chapter.
(5) A reasonable amount to compensate the person suffering loss for time used to:
 (A) File papers and attend court proceedings related to the recovery of a judgment under this chapter; or
 (B) Travel to and from activities described in clause (A).
(6) Actual direct and indirect expenses incurred by the person suffering loss to compensate employees and agents for time used to:
 (A) File papers and attend court proceedings related to the recovery of a judgment under this chapter; or
 (B) Travel to and from activities described in clause (A).
(7) All other reasonable costs of collection.

the amount of damages to be entered in judgment.

The decision is therefore affirmed.

HOFFMAN and CHEZEM, JJ., concur.