**PROFESSIONAL LAMINATE & MILL-WORK, INC., d/b/a Pro–Lam, Inc., Appellant–Defendant,**

v.

**B & R ENTERPRISES, and The BR Group, Inc., Appellees–Plaintiffs.**

**No. 82A01–9501–CV–11.**

Court of Appeals of Indiana.

June 7, 1995.

---

Carl A. Heldt, Shawn M. Sullivan, Lacey Terrell Annakin Heldt & Baugh, Evansville, for appellant.

Catherine A. Nestrick, Bamberger, Foreman, Oswald and Hahn, Evansville, for appellees.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Professional Laminate and Millwork, Inc., d/b/a Pro–Lam, Inc., ("Pro–Lam") appeals from the trial court's entry of a default judgment in favor of B & R Enterprises and the BR Group, Inc., (collectively "BR Group") on BR Group's complaint for breach of contract. After the trial court entered judgment of default against Pro–Lam, the court ex parte heard evidence of damages and awarded compensatory damages to BR Group.

We affirm.

### ISSUES

Pro–Lam presents two issues for our review which we restate as follows:

1. Whether the trial court properly entered default judgment pursuant to Trial Rule 55.

2. Whether the trial court abused its discretion when it denied Pro–Lam's motion to set aside the default judgment.

### FACTS

In 1992, the parties entered into an oral agreement which provided that Pro–Lam, an Ohio corporation engaged in the manufacture and installation of custom cabinetry and counter tops, would install certain custom cabinetry at an Evansville restaurant owned by BR Group, an Indiana Corporation. Subsequently, a contractual dispute arose between the parties. On August 15, 1994, Pro–Lam filed suit in Ohio against BR Group for breach of contract. The following day, BR Group filed a similar action against Pro–Lam in Vanderburgh County, Indiana, for breach of contract and breach of warranty. In this

appeal, we are concerned only with the Indiana proceeding.

On September 14, 1994, Pro–Lam filed a "Notice Extending Time to Answer or Otherwise Plead" signed by its Ohio attorney, Gregory Ruehlman. Record at 16. Such notice was intended to extend Pro–Lam's time to answer BR Group's complaint by 30 days. Then, on September 15, BR Group filed its motion for default judgment and asserted that Ruehlman was not licensed to practice law in the State of Indiana and, thus, that Pro–Lam's notice extending time had no legal effect. That same day, the trial court granted BR Group's motion for default judgment and found that Pro–Lam had failed to appear, plead or otherwise defend this suit within the time required by law. The trial court subsequently entered a money judgment and awarded damages to BR Group in the amount of $17,390.00.

Thereafter, local Indiana counsel entered an appearance on behalf of Pro–Lam and filed a motion to set aside the default judgment. After a hearing, the trial court denied Pro–Lam's motion.

### DISCUSSION AND DECISION

#### Issue One: Default Judgment

■ The decision whether or not to enter a default judgment is within the sound discretion of the trial court, and the trial court's discretion is considerable. *Erdman v. White* (1980), Ind.App., 411 N.E.2d 653, 657, *trans. denied.* The trial court's decision will be reversed only upon a showing of a clear abuse of discretion. *Id.* Trial Rule 55(A) provides the basis for finding a party in default as follows:

> When a party against whom judgment for affirmative relief is sought has failed to plead or otherwise comply with these rules and that fact is made to appear by affidavit or otherwise, the party may be defaulted.

In the instant case, Pro–Lam concedes that it did not file an answer to BR Group's complaint within the time required under Trial Rule 6(C), although it contends that a default judgment was improper. Specifically, Pro–Lam asserts that its Ohio attorney, Ruehlman, timely filed a notice of extension of time

to answer the complaint pursuant to Local Rule 7 of the Vanderburgh Superior Court and, thus, that default judgment was erroneously entered prior to the expiration of the time allowed for response. We cannot agree.

■ Our supreme court has provided that a member of the bar of another state may, in the trial court's sole discretion, make an appearance for a temporary period only "so long as said attorney appears with local Indiana counsel after petitioning the trial court for the courtesy ..." Ind.Admission and Discipline Rule 3. The rule further provides that local counsel "shall sign all briefs, papers and pleadings in such cause and shall be jointly responsible therefor." Admis.Disc.R. 3. Thus, absent leave of the court, an attorney not licensed to practice law in Indiana may neither enter an appearance on behalf of a client nor file any briefs, papers, or pleadings without the aid of local counsel.

In *Simmons v. Carter* (1991), Ind.App., 576 N.E.2d 1278, this court held that where a legal proceeding has been instituted on behalf of another in a court of record by one not licensed to practice law, the action should be dismissed, and if the suit has proceeded to judgment, the judgment is void. *Id.* at 1280. In *Simmons* we adopted the holdings from a line of Illinois cases, including *Fruin v. Northwestern Medical Faculty Found.* (1994), 194 Ill.App.3d 1061, 141 Ill.Dec. 667, 551 N.E.2d 1010. The *Fruin* court held that an action filed in Illinois by an attorney licensed to practice law only in Wisconsin was properly dismissed, notwithstanding subsequent participation by Illinois counsel. *Id.* 141 Ill.Dec. at 669, 551 N.E.2d at 1012. The court's holding was based on an Illinois Supreme Court Rule that, absent leave of court, an attorney without an Illinois license may not practice law in Illinois. *Id.* 141 Ill.Dec. at 668, 551 N.E.2d at 1011. The court reasoned that the plaintiff should have inquired into the attorney's ability to practice law in Illinois. *Id.* 141 Ill.Dec. at 669, 551 N.E.2d at 1012. The court further reasoned that the non-resident attorney's failure to ensure that he obtained the necessary authorization to practice in another state would not justify a deviation from that state's rules. *Id.*

■ Unlike in the present case, *Fruin* dealt with a non-resident attorney hired to institute a legal proceeding in another state, but the reasoning employed there applies as well to a case where a non-resident attorney is hired to defend a legal proceeding in another state. Here, Ruehlman was not licensed to practice law in Indiana. Pro–Lam neither petitioned the Vanderburgh Superior Court for the "courtesy" that Ruehlman be allowed to enter an appearance nor procured the signature of local Indiana counsel on its filing. Pro–Lam argues that its notice of extension of time was not a request for any affirmative action by the trial court, but rather operated as an "automatic" extension of time pursuant to local rules. Brief of Appellant at 13. However, we agree with the reasoning in *Fruin* that without leave of the court, and absent the signature of local counsel licensed to practice law in this state, any papers filed by Pro–Lam were a nullity. *See id.* 141 Ill.Dec. at 668, 551 N.E.2d at 1011. Therefore, the trial court correctly found that Pro–Lam had failed to appear, plead or otherwise respond within the time required by law. *See* T.R. 55(A).[1]

■ Pro–Lam also contends that a default judgment was improper because BR Group failed to serve Pro–Lam with written notice of its motion for default judgment three days prior to the hearing on the motion as required under Trial Rule 55(B). Trial Rule 55(B) provides that such notice is required only "if the party against whom judgment by default is sought has appeared in the action."

■ Here, Pro–Lam argues that Ruehlman's act of filing the notice of extension of time, which was designated on the trial court's docket sheet as an "appearance," was sufficient to constitute an appearance which entitled Pro–Lam to notice of the pending default action. Pro–Lam further argues that its performance of other overt acts such as sending the trial judge a personal letter and advising opposing counsel of its intent to obtain an extension of time, were sufficient to show it had "appeared" in the action prior to BR Group's motion for default. However, only persons duly admitted to practice law in this state may appear on behalf of other persons. *Simmons,* 576 N.E.2d at 1279. Ruehlman was not admitted to practice law in Indiana and, without leave of the court, Ruehlman had no authority to enter an appearance on behalf of Pro–Lam. A party who makes no appearance is not entitled to notice of the proceedings. *See* T.R. 55(B); *see also* Ind.Trial Rule 5(A) ("[n]o service need be made on parties in default for failure to appear ...."). Pro–Lam has not shown reversible error on this issue.

### Issue Two: Trial Rule 60(B)

Pro–Lam next contends that the trial court abused its discretion when it denied its motion to set aside the default judgment. Again, we cannot agree.

■ We employ an abuse of discretion standard when reviewing the grant or denial of a Trial Rule 60(B) motion. *King v. King* (1993), Ind.App., 610 N.E.2d 259, 261, *trans. denied.* In reviewing the decision whether to grant relief under Trial Rule 60(B), we will not reweigh the evidence or substitute our judgment for that of the trial court. *See Collins v. Covenant Mut. Ins. Co.* (1992), Ind.App., 604 N.E.2d 1190, 1193. Trial Rule 60(B)(1) provides that a default judgment may be set aside for "mistake, surprise, or excusable neglect." There are no fixed standards to determine the parameters of mistake, surprise or excusable neglect. *Teegardin v. Maver's, Inc.* (1993), Ind.App., 622 N.E.2d 530, 533. The trial court must balance the need for an efficient judicial system with the judicial preference for deciding disputes on the merits. *Id.*

■ The party moving to set aside the judgment has the burden to establish grounds for relief. *King,* 610 N.E.2d at 262.

---

1. Pro–Lam argues that, at most, Ruehlman violated Indiana Admission and Discipline Rules which contemplate certain types of discipline to be administered under the exclusive jurisdiction of the supreme court, and none of the enumerated sanctions include the entry of default judgment. *See* Admis.Disc.R. 23. However, Pro–

Lam's argument misses the mark. Once the trial court was apprised of Ruehlman's lack of authority to appear in this cause, the trial court had the full discretion to declare the appearance and the notice filed as void, in addition to any sanction which could have been imposed by our supreme court.

In addition, the movant must also show a meritorious defense to the judgment. *Teegardin*, 622 N.E.2d at 533. A meritorious defense is one that would lead to a different result if the case were tried on the merits. *Id.* "The movant must make a prima facie showing that the judgment would change and that the defaulted party would suffer an injustice if the default judgment is allowed to stand." *Id.*

 Pro–Lam argues that Ruehlman's action in attempting to appear and file a notice of extension of time without leave of court or local counsel was the result of excusable neglect and mistake. In support of its motion to set aside the default judgment, Pro–Lam asserted to the trial court that Ruehlman had been informed by the court reporter that he could file the notice. However, one's noncompliance with the rules governing the practice of law in this state due to mistaken reliance on the advice of court personnel does not constitute mistake or excusable neglect warranting relief from default judgment. *See All Season Exteriors, Inc. v. Randle* (1993), Ind.App., 624 N.E.2d 484, 485. The advice of court personnel could not relieve Ruehlman of the fundamental requirement that pleadings, motions and papers filed with an Indiana trial court must be signed by a member of the bar of this state. *See* Admis.Disc.R. 3.

 Pro–Lam also argues that the trial court's docket sheet conclusively establishes that Ruehlman entered a valid appearance prior to BR Group's motion for default and, thus, because Pro–Lam received no notice of the pending motion, the default judgment should have been set aside. In making this argument, Pro–Lam ignores the fact that an administrative entry made on the docket sheet cannot overcome the trial court's subsequent determination that Ruehlman was not licensed to practice law in Indiana. It is not a trial court's duty when pleadings or papers are filed to inquire whether one who

purports to have authority to practice in the court is actually authorized to practice law in Indiana. To the contrary, the burden is on the non-resident attorney to ensure that he has obtained the necessary authorization in accordance with the rules promulgated by our supreme court. *See Fruin*, 141 Ill.Dec. at 669, 551 N.E.2d at 1012.

 Finally, with respect to its meritorious defense argument, Pro–Lam relies on the affidavit of Ruehlman in which he asserted the contract defenses of performance and non-payment for services rendered. Ruehlman further asserted the defense of improper venue. However, we cannot say that based on the averments in Ruehlman's affidavit, Pro–Lam made a prima facie showing that the case would lead to a different result if it were tried on the merits. In addition, Ruehlman's affidavit does not contain the oath and affirmation language required by Trial Rule 11(B).[2] Pro–Lam has not shown the trial court abused its discretion when it declined to set aside the default judgment.

Affirmed.

ROBERTSON and GARRARD, JJ., concur.

---

**2.** Trial Rule 11(B) provides:

When in connection with any civil or special statutory proceeding it is required that any ... supporting affidavit ... be verified, or that an oath be taken, it shall be sufficient if the sub-

scriber simply affirms the truth of the matter to be verified by an affirmation or representation in substantially the following language: "I (we) affirm, under the penalties for perjury, that the foregoing representation(s) is (are) true."