Virginia GIFFORD, Appellant–Defendant,

v.

The HARTFORD STEAM BOILER INSPECTION AND INSURANCE COMPANY, Appellee–Defendant,

and

Daniel Lee Erickson, Individually and as Father and Personal Representative of the Estate of Joan Roberta Erickson, Deceased, Appellee–Plaintiff.

No. 46A03–0309–CV–363.

Court of Appeals of Indiana.

July 13, 2004.

James M. MaCalka, LaPorte, IN, Attorney for Appellant.

Mark A. Lienhoop, Newby, Lewis, Kaminski & Jones, LLP, LaPorte, IN, R. Dennis Withers, Robins, Kaplan, Miller & Ciresi, LLP, Atlanta, GA, Attorneys for Appellees.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Defendant, Virginia Gifford (Gifford), appeals the trial court's denial of her motion to set aside default judgment pursuant to Ind. Trial Rule 60(B).

We affirm.[1]

### ISSUE

Gifford raises several issues on appeal, one of which we find dispositive and restate as follows: whether the trial court abused its discretion in denying her motion to set aside default judgment pursuant to T.R. 60(B).

### FACTS AND PROCEDURAL HISTORY

Prior to the death of their daughter, Joan, Gifford and Daniel Erickson (Erickson) were divorced. Erickson was granted custody of Joan, from the time she was fourteen years old. In early 1993, when Joan was eighteen years old, she was employed as a press operator at American Rubber Products Corporation in LaPorte, Indiana. On March 4, 1993, she was killed as the result of a boiler explosion in her workplace.

On March 3, 1995, Erickson filed his Complaint for Wrongful Death and Jury Demand in the LaPorte Superior Court against Hartford Steam Boiler Inspection and Insurance Company (HSB), among others. Erickson also named Gifford as a defendant "as her interests may appear." (Appellant's App. p. 68). On April 19, 1995, Gifford was served by certified mail. On May 15, 1995, a document entitled "Virginia Gifford's Answer to Plaintiff Daniel Erickson's Complaint" was filed with the trial court. The name immediately beneath the signature line is "Greta Van Susteren." (Appellant's App. p. 107). Beneath Ms. Van Susteren's name is "Wendy Ehrlich, Coale & Van Susteren, 5335 Wisconsin Ave N.W., Washington, D.C. 20015." (Appellant's App. p. 107). No

---

**1.** Appellant's Verified Motion for Oral Argument is hereby denied.

other pleadings were filed by Gifford in the case and no appearances were made by Gifford or anyone purporting to represent her.

On May 7, 2001, the trial court began a jury trial, at which neither Gifford nor anyone purportedly representing her appeared. On the second day of trial, the trial court granted Erickson's motion for default judgment against Gifford. The jury trial ended on May 17, 2001, at which time the jury returned its verdict in favor of Erickson and against HSB. On May 8, 2002, Attorney James McCalka entered his appearance on behalf of Gifford and filed a verified motion to set aside the default judgment. Meanwhile, on September 25, 2002, Erickson's $1.4 million verdict against HSB was affirmed on appeal. Subsequently, on April 30, 2003, our supreme court denied HSB's petition to transfer the case.

On May 8, 2003, Gifford filed her "Emergency Motion to Enjoin Clerk from Dispersing Judgment Proceeds and Request for Court Determination on Distribution of Proceeds according to the Intestate Statute and Temporary Order Against Dispersment of Proceeds in the Above Cause." (Appellant's App. p. 16). On May 14, 2003, the trial court denied her motion.

On August 4, 2003, the trial court heard argument on Gifford's motion to set aside the default judgment. Subsequently, on August 8, 2003, the trial court denied Gifford's motion.

Gifford now appeals. Additional facts will be supplied as necessary.

## DISCUSSION AND DECISION

Gifford argues that the trial court abused its discretion in denying her motion to set aside default judgment pursuant to T.R. 60(B). Specifically, she asserts that the filing of her answer and affirmative defense put the other parties on notice that she was asserting her right as the non-custodial parent to claim damages for loss of the love, care, and affection of her daughter. Gifford further maintains that neither she nor her attorney, Greta Van Susteren, ever received notice of the May 7, 2003 jury trial setting. In addition, neither she nor her attorney received notice that Erickson's motion for default judgment against Gifford for failing to appear for the jury trial proceedings had been granted by the trial court. Gifford argues that, as a result, her right to due process has been violated.

Conversely, Appellee–Defendant, HSB, contends that Gifford was not entitled to notice because she never entered an appearance or otherwise responded in accordance with the Indiana Rules of Trial Procedure with regard to the filing of Erickson's complaint. In particular, HSB asserts that, although an answer was filed on Gifford's behalf on May 15, 1995, it was not signed by Gifford and there is no evidence that either of the two names listed under the signature line belonged to attorneys licensed to practice law in the State of Indiana. HSB argues that, as a result, Gifford was properly defaulted by the trial court on May 8, 2001, and, thus, the trial court properly denied Gifford's subsequent motion to set aside the default judgment pursuant to T.R. 60(B). We agree with HSB.

Trial Rule 60(B) functions primarily as the avenue of redress for defendants defaulted under T.R. 55 and for plaintiffs who were dismissed pursuant to T.R. 41. *King v. King*, 610 N.E.2d 259, 262 (Ind.Ct.App.1993), *reh'g denied, trans. denied.* Under T.R. 60(B), the movant bears the burden of establishing the existence of grounds for relief, which include mistake, excusable neglect, fraud, newly

discovered evidence, or the like. *Id.* We employ an abuse of discretion standard when reviewing the trial court's grant or denial of a T.R. 60(B) motion. *Id.* at 261. A trial court abuses its discretion when its judgment is clearly against the logic and effect of the facts and inferences supporting the judgment for relief. *Id.* at 262. In addition, because T.R. 60(B) relief is equitable in nature, the trial court must balance the alleged injustice suffered by the party moving for relief against the interests of the winning party and society in general in the finality of litigation. *Id.*

Here, Gifford filed her motion to set aside the default judgment pursuant to T.R. 60(B)(1), which states, in pertinent part:

> On motion and upon such terms as are just the court may relieve a party or his legal representative from an entry of default, final order, or final judgment, including a judgment by default, for ... mistake, surprise, or excusable neglect.

In her motion, Gifford argues that, because no notice was ever sent to her or to her attorney, she was unaware of any court proceedings, including the May 7, 2001 jury trial setting. However, in its Order denying her motion to set aside the default judgment, the trial court found the grounds Gifford asserted in her motion to be without merit.

First, the Indiana Rules of Trial Procedure require responding parties to file an appearance form setting forth the name, address, and telephone number of the responding party or the name, address, attorney number, telephone number, FAX number, and computer address of the attorney representing the responding party, if that party is so represented. *See* T.R. 3.1(B). In the instant case, no appearance was ever filed by either Gifford or an attorney representing her. Rather, on May 15, 1995, a document entitled "Virginia Gifford's Answer to Plaintiff, Daniel Erickson's Complaint" was filed with the trial court. On the second page of the document, following "Respectfully submitted" is a purported signature, underneath which appears on successive lines: "Greta Van Susteren, Wendy Ehrlich, Coale & Van Susteren, 5335 Wisconsin Ave N.W., Washington, D.C. 20015." (Appellant's App. pp. 106–7).

■ This court has held that an appearance "may be effected by any act by which a person recognizes the case as being in court, such as by filing an answer." *King,* 610 N.E.2d at 262. However, absent admission to the Indiana bar pursuant to *pro hac vice* appointment, an attorney not licensed to practice law in Indiana may neither enter an appearance on behalf of a client nor file any briefs, papers, or pleadings without the aid of local counsel. *In re Coale,* 775 N.E.2d 1079, 1080 (Ind.2002), *cert. denied; Professional Laminate & Millwork, Inc. v. B & R Enterprises,* 651 N.E.2d 1153, 1156 (Ind.Ct.App.1995). We note that, in 1995, when Gifford's answer was filed, the Indiana Rules for Admission to the Bar and the Discipline of Attorneys provided that a member of the bar of another state could appear in a case pending in an Indiana trial court in the trial court's sole discretion. Ind. Admission and Discipline Rule 3 (1995). Any attorney thus admitted *pro hac vice* was also required to appear with local Indiana counsel and to disclose in her petition to the trial court all pending cases in Indiana in which the attorney was permitted to appear. *Id.* The rule also required local Indiana counsel to "sign all briefs, papers and pleadings in such cause" and to be "jointly responsible therefore." [2] *Id.*

---

**2.** An amendment to Admis. Disc. R. 3 in 1999   made *pro hac vice* admission somewhat more

Our review of the instant record turns up nothing to indicate, and Gifford fails to

complex. In addition to the permission of the Indiana court before which the out-of-state attorney petitioned to appear and the co-appearance of local Indiana co-counsel, the attorney is required to file a verified petition stating:

(i) The attorneys residential address, office address, and the name and address of the attorneys law firm or employer, if applicable;

(ii) The states or territories in which the attorney has ever been licensed to practice law, including the dates of admission to practice and any attorney registration numbers;

(iii) That the attorney is currently a member in good standing in all jurisdictions listed in (ii);

(iv) That the attorney has never been suspended, disbarred or resigned as a result of a disciplinary charge, investigation, or proceeding from the practice of law in any jurisdiction; or, if the attorney has been suspended, disbarred or resigned from the practice of law, the petition shall specify the jurisdiction, the charges, the address of the court and disciplinary authority which imposed the sanction, and the reasons why the court should grant limited admission not withstanding prior acts of misconduct;

(v) That no disciplinary proceeding is presently pending against the attorney in any jurisdiction; or, if any proceeding is pending, the petition shall specify the jurisdiction, the charges and the address of the disciplinary authority investigating the charges. An attorney admitted under this rule shall have the continuing obligation during the period of such admission promptly to advise the court of a disposition made of pending charges or the institution of new disciplinary proceedings;

(vi) A list of all proceedings, including caption and cause number, in which either the attorney, or any member of a firm with which the attorney is currently affiliated, has appeared in any of the courts of this state during the last five years. Absent special circumstances, repeated appearances by any person or by members of a single law firm pursuant to this rule shall be cause for denial of the petition;

(vii) A demonstration that good cause exists for the appearance. Good cause shall include at least one of the following:

(a) the cause in which the attorney seeks admission involves a complex field of law in which the attorney is a specialist, or

(b) there has been an attorney-client relationship with the client for an extended period of time, or

(c) there is a lack of local counsel with adequate expertise in the field involved, or

(d) the cause presents questions of law involving the law of the foreign jurisdiction in which the applicant is licensed, or

(e) such other reason similar to those set forth in this subsection as would present good cause for the *pro hac vice* admission.

(viii) A statement that the attorney has read and will be bound by the Rules of Professional Conduct adopted by the Supreme Court, and that the attorney consents to the jurisdiction of the State of Indiana, the Indiana Supreme Court, and the Indiana Supreme Court Disciplinary Commission to resolve any disciplinary matter that might arise as a result of the representation.

(ix) A statement that the attorney will file a Notice of *Pro Hac Vice* Admission with the clerk of this court in compliance with Section (b) of this rule within thirty (30) days after the court grants permission to appear in the proceeding.

Admis. Disc. R. 3(2)(a). In addition the Notice of *Pro Hac Vice* Admission to be filed with the Supreme Court Clerk must include the following:

(1) A current statement of good standing issued to the attorney by the highest court in each jurisdiction in which the attorney is admitted to practice law;

(2) A copy of the verified petition requesting permission to appear in the court proceedings, along with the court order granting permission;

(3) A list of all grievances, petitions, or complaints filed against the attorney with any disciplinary authority of any jurisdiction, with the determination thereon.

Lastly, an attorney permitted to appear *pro hac vice* in an Indiana court must also pay to the Clerk of the Supreme Court the annual registration fee required of members of the Indiana bar. *See id.*

direct us to any evidence that shows, that either person identified on Gifford's answer was licensed to practice law or admitted *pro hac vice* in the State of Indiana. As a result, any brief, papers, or pleadings filed in this case by Greta Van Susteren or Wendy Ehrlich are a nullity. *See Professional Laminate & Millwork, Inc.,* 651 N.E.2d at 1157 (where this court held "without leave of the court, and absent the signature of local counsel licensed to practice law in this state, any papers filed by [Appellant] were a nullity"). Accordingly, because Gifford failed to appear, plead, or otherwise timely respond to Erickson's Complaint in compliance with the Indiana Rules of Trial Procedure, we hold that the trial court properly granted Erickson's motion for default judgment on May 8, 2001. *See id.; see also* T.R. 55(A)("[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise comply with these rules and that fact is made to appear by affidavit or otherwise, the party may be defaulted").

■ Likewise, we note that "[a] party who makes no appearance is not entitled to notice of the proceedings." *Professional Laminate & Millwork, Inc.,* 651 N.E.2d at 1157. Thus, because Gifford is unable to demonstrate that she was entitled to notice of the proceedings, she also fails to carry her burden of establishing the existence of grounds for relief under T.R. 60(B). *See King,* 610 N.E.2d at 262. As a result, we hold that the trial court properly denied Gifford's subsequent motion to set aside the default judgment pursuant to T.R. 60(B). *See id.*

### CONCLUSION

Based on the foregoing, we conclude that the trial court did not abuse its discretion in denying Gifford's motion to set

aside default judgment pursuant to T.R. 60(B).

Affirmed.

KIRSCH, C.J., and NAJAM, J., concur.