**Burl E. GRAYSON and Carolyn S. Grayson, Appellants–Defendants,**

v.

**UNION FEDERAL SAVINGS & LOAN ASSOCIATION OF CRAWFORDSVILLE, Indiana, a Subsidiary of Union Community Bancorp, Appellee–Plaintiff.**

No. 54A05–0510–CV–624.

Court of Appeals of Indiana.

Aug. 1, 2006.

James E. Ayers, Crawfordsville, IN, Attorney for Appellants.

Harry A. Siamas, Crawfordsville, IN, Attorney for Appellee.

## OPINION

HOFFMAN, Senior Judge.

Defendants–Appellants Burl E. and Carolyn S. Grayson (collectively "the Graysons") appeal from the trial court's order granting the motion to correct order nunc pro tunc of Plaintiff–Appellee Union Federal Savings & Loan Association of Crawfordsville, Indiana ("Union Federal") in a mortgage foreclosure action against Tim and Janet Gregory (collectively "the Gregorys").

The Gregorys purchased a business, real estate, equipment and inventory from the Graysons for $500,000.00. Union Federal provided purchase money and took a first mortgage in the building and a security interest in the equipment and inventory. The Graysons held a security interest in the real estate and personal property, junior in interest only to Union Federal's purchase mortgage. When the Gregorys defaulted on the mortgage, Union Federal filed a complaint on December 8, 2003, to collect the debt against the Gregorys. The Graysons also were named as defendants in that action. Count I of the complaint made reference to the real estate involved. Count II of the complaint made reference to the secured interest in the equipment and inventory on the premises of the real estate.

The Gregorys and the Graysons failed to answer or appear in the matter. On

March 8, 2004, Union Federal filed a motion for default judgment and an affidavit in support of that motion. The affidavit made reference only to the Gregorys. A default judgment was entered in the amount of $339,155.00 plus statutory interest, and an order for foreclosure addressing only the real estate was entered on March 8, 2004. There was no disposition of the personal property at that time. The Sheriff's sale took place on May 6, 2004. Union Federal was the successful buyer of the property for $250,000.00, and received a Sheriff's Deed to the real estate at issue.

On June 22, 2005, Union Federal filed a motion to correct order nunc pro tunc with the trial court. In that motion, Union Federal sought the trial court's authority to sell the personal property and to apply the proceeds to the indebtedness. On that date, the trial court entered the order as requested by Union Federal, allowing the bank to sell the inventory and equipment, and to apply the proceeds toward the judgment against the Gregorys.

On July 22, 2005, the Graysons filed their motion to correct error and to vacate order granting motion to correct order nunc pro tunc. The Graysons requested that the court vacate its June 22, 2005 order and for Union Federal to account for the personal property received at the Sheriff's sale. Ultimately, the Graysons' motion was deemed denied, and they now pursue this appeal.

In response to the Graysons' argument on the merits, Union Federal raises several procedural arguments, which, if correct, could be dispositive of the present appeal. First, Union Federal argues that the Graysons failed to timely file a motion to set aside the default judgment pursuant to Ind. Trial Rule 60(B).

In the present appeal, however, the Graysons appeal from the trial court's denial of their motion to correct error, pursu-

ant to T.R. 59, regarding the entry of the nunc pro tunc order on June 22, 2005. The Graysons do not appeal the March 8, 2004 default judgment. Therefore, the Graysons were not required to file a motion to set aside the default judgment as their appeal is not based upon an attack that order. The final ruling in this matter, is the trial court's deemed denial of the Graysons' motion to correct error pursuant to T.R. 59. *See Walker v. Kelley,* 819 N.E.2d 832, 836 (Ind.Ct.App.2004). The Graysons' appeal was timely filed.

Next, Union Federal argues that the Graysons are asking this court to render an advisory opinion regarding "the post-judgment disposition of collateral." Appellee's Br. at 9. Union Federal argues that none of the arguments raised by the Graysons regarding the value of the personal property, quantum meruit, unjust enrichment, and lack of notice, were litigated. For reasons discussed below, the fact that those issues were not tried, supports this court's decision to reverse the trial court's nunc pro tunc order, and to remand the matter for a trial resolving the personal property issues.

Last, Union Federal argues that the Graysons have forfeited their right to appeal because their attorney failed to file an appearance prior to or simultaneously with the motion to correct error. An appearance on behalf of the Graysons was filed by their attorney in this matter on August 12, 2005.

More specifically, Union Federal appears to argue that since the Graysons' counsel did not file an appearance in this matter prior to the expiration of the time to initiate this appeal, that the Graysons' counsel stands in the same shoes as a foreign attorney. Therefore, Union Federal's argument continues, any pleadings filed by the Graysons through this attor-

ney are a nullity because an appearance was not filed.

T.R. 3.1(B) does require responding parties to file an appearance when first appearing in a case. In the present matter, the Graysons first appeared in the case when filing the motion to correct error and to vacate order granting motion to correct order nunc pro tunc on July 22, 2005. Their attorney filed an appearance on August 12, 2005.

In *Gifford v. Hartford Steam Boiler Inspection and Ins. Co.,* 811 N.E.2d 853, 856 (Ind.Ct.App.2004), a panel of this court noted that an appearance could be effected by any act by which a person recognizes the case as being in court.(citing *King v. King,* 610 N.E.2d 259, 262 (Ind.Ct.App. 1993)). This could be accomplished by filing an answer. *Id.* The decision in that case focused on the filing of a pleading by a foreign attorney. The panel of this court held that absent admission to the Indiana bar *pro hac vice,* an attorney not licensed to practice law in Indiana may not enter an appearance nor file briefs, pleadings or papers without the assistance of local counsel. *Gifford,* 811 N.E.2d at 856.

In the present matter, the motion Union Federal claims should be deemed a nullity, was filed by an Indiana attorney. Further, the motion was filed on July 22, 2005, and the appearance form was filed by counsel on August 12, 2005. The rule set forth for foreign attorneys, and cited by Union Federal, applies to situations involving attorneys not licensed to practice law in Indiana. Any deficiency in this matter was corrected by the filing of an appearance by the Graysons' attorney who was licensed to practice in Indiana. The filings made by the Graysons' attorney are not a nullity.

There are no procedural issues which prevent this court from reviewing the issues presented by the Graysons in this appeal.

The Graysons argue that Union Federal's security interest in the equipment and inventory was not foreclosed by the original default judgment. They contend that while the complaint addressed both the real estate and personal property, the original order addressed only the real estate. They assert that the trial court's nunc pro tunc order of foreclosure regarding the personal property was in error as it awarded possession of the inventory and equipment to Union Federal, and allowed Union Federal to "sell said inventory and equipment and apply the proceeds toward the judgment against [the Gregorys]." Appellant's App. P. 36.

■ A nunc pro tunc order is an entry made now of something which was actually previously done to have effect as of the former date. *Brimhall v. Brewster,* 835 N.E.2d 593, 597 (Ind.Ct.App.2005)(citing *Cotton v. State,* 658 N.E.2d 898, 900 (Ind.1995)). A nunc pro tunc entry may be used to record an act or event not recorded in the court's order book or to change or supplement an entry already recorded in the order book. *Brimhall,* 835 N.E.2d at 597. The purpose of a nunc pro tunc order is to correct an omission in the record of action really had but omitted through inadvertence or mistake. *Id.* But the record must establish that the unrecorded act or event actually occurred. *Id.* A written memorial must form the basis for establishing the error or omission to be corrected by a nunc pro tunc entry. *Id.* A nunc pro tunc entry can not be used as the medium where a court can change its ruling actually made, no matter how erroneous or no matter whatever mistakes of law or fact were made in reaching the ruling. *Id.*

■ In the present case, the record reveals that the complaint sought foreclosure

of both the real property and personal property. While the complaint sought a default judgment regarding both the real and personal property, the original order only addressed the real property. In the motion to correct order nunc pro tunc filed by Union Federal, Union Federal claimed that Union Federal obtained possession of the personal property after the sheriff's sale and that the real and personal property was subsequently sold to a purchaser. Appellant's Appendix p. 24. Union Federal alleged that no other party was prejudiced because Union Federal was entitled to the relief it sought at the time the original order was entered. However, the Graysons, as junior holders of a secured interest in the personal property, potentially could have been prejudiced.

Therefore, on the basis of the record presented to this court, the trial court's nunc pro tunc order claiming to dispose of the personal property was made in error. There is nothing before this court to establish that disposition of the personal property was made at the time of the original order, but simply was not included in that original order. Consequently, we must reverse the trial court's order granting Union Federal's motion to correct order nunc pro tunc. We remand this matter to the trial court for a trial on the issue of the disposition of the personal property involved.

When this matter is before the trial court, Union Federal can then either account for the personal property, or produce the personal property for disposition in a commercially reasonable sale. *See Walker v. McTague,* 737 N.E.2d 404, 409–411 (Ind.Ct.App.2000).

Reversed and remanded.

NAJAM, J., concurs.

BARNES, J., dissents with separate opinion.

BARNES, Judge, dissenting with separate opinion.

I respectfully dissent. In their motion to correct error and on appeal, the Graysons argue that Union Federal improperly disposed of the personal property that it acquired during the Sheriff's sale. The motion to correct error, however, was filed in response to the trial court's granting of Union Federal's motion to correct order nunc pro tunc. Pursuant to Indiana Trial Rule 60(A):

> Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the trial court at any time before the trial court clerk issues its Notice of Completion of Clerk's Record.

I believe the Graysons' motion to correct error and subsequent appeal were limited to a claim that a nunc pro tunc correction to the order was improper because the requested change is one of substance, not a clerical error. See *Anderson v. Horizon Homes, Inc.,* 644 N.E.2d 1281, 1287 (Ind. Ct.App.1995) ("A clerical error is 'a mistake by a clerk, counsel, judge or printer which is not the result of a judicial function and cannot reasonably be attributed to the exercise of judicial consideration or discretion.'" (citation omitted)), *trans. denied.*

Although I tend to agree with the majority that the change requested by Union Federal is substantive in nature and may not be effectuated by an Indiana Trial Rule 60(A) motion, the Graysons have not raised this issue. *Harlan Bakeries, Inc. v. Muncy,* 835 N.E.2d 1018, 1040 (Ind.Ct. App.2005) ("It is axiomatic that an issue cannot be raised for the first time on appeal."). The Graysons' motion to correct error and their brief on appeal focus on whether Union Federal properly disposed of the personal property. In my

opinion, to challenge the disposition of the personal property, the Graysons were required to file a motion to set aside default judgment under Indiana Trial Rule 60(B) and were not permitted to raise the issue for the first time in their motion to correct error. *See GKC Indiana Theatres, Inc. v. Elk Retail Investors, LLC.*, 764 N.E.2d 647, 654 (Ind.Ct.App.2002) ("The Indiana Supreme Court held that because the issue was raised for the first time in the motion to correct errors, it was waived.").

I reach this conclusion in part because I do not believe that a party should be permitted to ignore litigation pending against it, be the subject of a default judgment, and then almost a year and a half later contest the merits of the disposition of the personal property by filing a motion to correct error following the trial court's correction of what it deemed to be a clerical error in the judgment. *See Comer–Marquardt v. A–1 Glassworks, LLC*, 806 N.E.2d 883, 888 (Ind.Ct.App.2004) (observing that a party's technical default for failing to timely appear means that the party can no longer participate in or defend against this action). I cannot conclude that the trial court's granting of Union Federal's motion to correct order nunc pro tunc opened the door to a challenge on the merits of the disposition of the personal property.

For these reasons, I do not agree with the majority that this matter should be remanded "for a trial on the issue of the disposition of the personal property involved." Op. at 1021. I would affirm the denial of the motion to correct error because the Graysons have neither argued nor established that the trial court improperly made the nunc pro tunc correction to the order.