## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 13 2020, 10:55 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Patrick Magrath
Alcorn Sage Schwartz &
Magrath, LLP
Madison Indiana

ATTORNEY FOR APPELLEE

Joseph Leon Payne
Payne Law Office, LLC
Austin, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Richard Prewitt,

*Appellant-Plaintiff,*

v.

Jerry Neace,

*Appellee-Defendant*

March 13, 2020

Court of Appeals Case No.
19A-PL-1917

Appeal from the Jackson Superior Court

The Honorable Amy Marie Travis, Judge

Trial Court Cause No.
36D01-1711-PL-28

**Baker, Judge.**

[1] Following approximately one and one-half years of civil litigation, on March 15, 2019, Jerry Neace sought a default judgment against Richard Prewitt because Prewitt had failed to file an answer to Neace's April 27, 2018, counterclaim. The trial court subsequently granted Neace's motion and entered default judgment in his favor. Prewitt appeals, arguing that the trial court erred because the parties had proceeded with the litigation up until trial without interruption or objection. Finding that Neace relinquished his ability to move for a default judgment and that the matter should be tried on the merits, we reverse the judgment of the trial court and remand for further proceedings.

## Facts

[2] On November 13, 2017, Prewitt filed a complaint against Neace for breach of an oral contract. Prewitt alleged that Neace had promised to make repairs to Prewitt's 1968 Chevrolet Camaro and failed to do so. Prewitt also alleged that he had tendered $2,800 to Neace for all work and supplies and that Neace would retain the Chevrolet to make the necessary repairs. Neace was eventually served with the complaint on February 20, 2018.

[3] On April 27, 2018, Neace responded to Prewitt's complaint, admitting that Prewitt had delivered the Camaro, tendered the $2,800, and asked him to perform certain repairs. However, in a later section entitled "Affirmative Defenses and Counterclaim," Neace alleged that Prewitt had breached the oral contract first, that Neace had a rightful mechanic's lien on the Camaro, and

that Neace should be paid in excess of $15,000 for services already completed. Appellant's App. Vol. II p. 28-29.

[4] Following an unsuccessful December 13, 2018, mediation between the parties, the matter was set for a March 15, 2019, bench trial. The morning of the bench trial, Neace's counsel moved to have the trial court enter a default judgment in his favor because Prewitt had failed to file an answer to Neace's April 27, 2018, counterclaim. Prewitt's counsel responded to Neace's motion as follows:

> Well, umm, our answer to that counter claim would have all entirely been included [in] our original complaint and uhh, I would have uhh, more or less refiled that so, I would say our answer was already on the record. And . . . the findings of the fact that we put forth are separate from their response and uhh, that matter still needs to be heard.

Tr. Vol. II p. 7. The trial court continued the bench trial, urging Neace to file his motion in writing so that Prewitt would be able to submit a written response. Following briefing and a hearing, on June 5, 2019, the trial court ultimately ruled in Neace's favor, entering a default judgment against Prewitt and ordering Prewitt to pay Neace $15,395.05 for all costs. On July 5, 2019, Prewitt filed a motion to correct error, seeking to have the default judgment set aside, which the trial court denied on July 25, 2019. Prewitt now appeals.

## Discussion and Decision

[5] Prewitt's sole argument on appeal is that the trial court erred by entering a default judgment in Neace's favor because the parties had proceeded with the litigation up until trial without interruption or objection. Trial courts are

afforded wide discretion in their decision to grant or deny a default judgment. *Otter Creek Trading Co. v. PCM Enviro PTY, LTD*, 60 N.E.3d 217, 224 (Ind. Ct. App. 2016). We will reverse a trial court's decision to enter a default judgment only if it is clearly against the logic and effect of the facts and circumstances before the trial court. *State v. Van Keppel*, 583 N.E.2d 161, 163 (Ind. Ct. App. 1991).

[6] A party seeking relief from a default judgment may move to have that judgment set aside if he can show mistake, surprise, or excusable neglect. *See* Ind. Trial Rule 60(B)(1). There are no "fixed standards" to determine the bounds of mistake, surprise, or excusable neglect. *Van Keppel*, 583 N.E.2d at 162. "Accordingly, the trial court must balance the need for the orderly and efficient administration of justice with the judicial preference for deciding cases on their merits and giving parties their day in court based on the circumstances of each case." *Id.* This balance is crucial "especially in cases involving material issues of fact, substantial sums of money, or weighty policy determinations." *Teegardin v. Maver's, Inc.*, 622 N.E.2d 530, 533 (Ind. Ct. App. 1993). Additionally, "[a] movant seeking to set aside a judgment via [Trial Rule 60(B)] must also establish that he has a good and meritorious defense to the judgment." *Id.* A meritorious defense is one such that if the cause were retried on the merits, a different result would be reached. *Id.*

[7] It is well established that "[a]ny doubt of the propriety of a default judgment should be resolved in favor of the defaulted party." *Coslett v. Weddle Bros. Constr. Co.*, 798 N.E.2d 859, 861 (Ind. 2003). It is further well established that "[a] Trial

Rule 60(B)(1) motion does not attack the substantive, legal merits of a judgment, but rather addresses the procedural, equitable grounds justifying the relief from the finality of a judgment." *Kmart Corp. v. Englebright*, 719 N.E.2d 1249, 1254 (Ind. Ct. App. 1999). And from this equitable perspective, we find that a reversal in Prewitt's favor is both warranted and justified.

[8] Starting in early 2018, Prewitt and Neace filed pleadings and prepared themselves for the possibility of prolonged litigation. It is undisputed that in his April 27, 2018, answer to Prewitt's original complaint, Neace filed a counterclaim and alleged that Prewitt owed him more money than originally bargained for. It is also undisputed that Prewitt did not file an answer to that counterclaim. However, at that point in time—or at any reasonable time thereafter—Neace did not seek a default judgment against Prewitt.

[9] Instead, as Prewitt correctly points out, in pertinent part:

> By the time Neace made his motion[,] [an] entire year had passed since the filing of the answer and counterclaim. During that time the parties had engaged in discovery and informal attempts at resolution. During that time the parties had been ordered to mediation, attended mediation and been unsuccessful at resolving the case. During that time the case had been set for bench trial on all of the issues plead [sic] by the parties. During that time both parties spent time, money and effort in preparing for bench trial, gathering exhibits and subpoenaing witnesses. At the eleventh hour, at the beginning of trial, with no prior notice to Prewitt or the Court, Neace argued that a trial on the merits should not occur due to Prewitt's failure to file an answer.

Appellant's Br. p. 12.

[10] It is apparent that Neace's actions on the morning of the March 15, 2019, bench trial caught both Prewitt and the trial court off guard. Prewitt, unaware of the fact that he had failed to file an answer to Neace's counterclaim, did not have a coherent response to Neace's motion for a default judgment; and, the trial court went out of its way to admonish Neace, urging him to put his motion into writing so that Prewitt would have ample time to respond. As a matter of equity, we find that Neace's actions constituted an attempt to blindside the trial court into summarily awarding him a default judgment, despite having actively participated in the litigation for more than a year and a half.

[11] Put another way, Neace cannot act as if the parties are in agreement as to the issues of the case at one moment and then cry foul of a prejudicial procedural deficiency at the next. In effect, Neace relinquished his ability to move for a default judgment by allowing the matter to proceed all the way to a bench trial. In our opinion, it is fundamentally unfair to deprive Prewitt of an opportunity to have his dispute resolved on the merits under these circumstances.[1]

[12] We evaluate each of these cases based on their particular facts and circumstances. Though the trial court is afforded wide discretion in granting or

---

[1] With regards to Prewitt's meritorious defense, it is true that Prewitt admitted that he would possibly have to pay more than the $2,800 initially tendered to Neace for the Camaro repairs. In fact, Prewitt stated that "I would of [sic] figured at the most even with the so called extra stuff it would have been no more than thirty-five hundred." Tr. Vol. II p. 63. However, Prewitt did not, as Neace would argue, wholly admit that Neace had a valid mechanic's lien, that Prewitt was the first one to breach the oral contract, that Neace had made the necessary repairs, or that the amount in damages was uncontested. In other words, Prewitt had valid assertions regarding questions of fact and liability that could have changed the result in the case.

denying default judgments, this Court is apprehensive about denying parties their day in court. Prewitt was wrongfully denied this very opportunity to litigate his breach of contract claim. Thus, the entry of a default judgment against Prewitt and in favor of Neace was erroneous.

[13]     The judgment of the trial court is reversed and remanded for further proceedings.

Riley, J., and Brown, J., concur.